## MIX *against* PAGE :

### IN ERROR.

In an action at common law on a bond, it is not necessary to deny or take notice of any matter of defence, unless such matter constitute a qualification of the original obligation or liability.

Therefore, where the declaration in an action of debt on a recognizance for prosecution, set forth the condition, which was, that the plaintiff in the original suit should prosecute his action to effect, and pay all damages in case he should not make his plea good, and alleged a breach, by negativing the words of the condition; it was held, that such declaration was sufficient, without shewing that the costs in such original suit could not be had out of the estate of the principal.

*Qu.* Whether a recognizor for prosecution can be made liable, if the principal have a sufficient estate in land, or in personal estate out of the county, to respond the costs recovered ?

Where the defendant in an action of debt on a recognizance, after the plea *Nul tiel record* had been interposed and decided against him, moved in arrest of judgment for the insufficiency of the declaration; and the court, without answering such motion, rendered judgment for the plaintiff; it was held, that the judgment was not, for this reason, erroneous.

THIS was an action of debt, brought by *John G. Page* against *Silas Mix,* Esq., on a recognizance for prosecution, given by the latter, in an action• pending in the county

New-Haven,
July, 1841.

Mix
v.
Page.

court of *New-Haven* county, in favour of *Ichabod Umberfield,* against said *Page.*

The declaration alleged, that the defendant personally appeared before said court, on the third *Tuesday* of *March,* 1835, and acknowledged himself bound to the defendant in said cause, in a recognizance, in the sum of 140 dollars, conditioned that the said *Umberfield,* the plaintiff in said cause, should prosecute his said action to effect, and pay all damages in case he made not his plea good ; that the cause was appealed to the superior court ; and that, by the consideration of that court, in *October,* 1839, the defendant in said action, on the final trial thereof, recovered judgment against said *Umberfield,* for the sum of 94 dollars, 64 cents, costs of suit ; that an execution on said judgment was taken out, and put into the hands of a deputy sheriff, who, having made demand of said *Umberfield* for payment of said execution, and of goods and chattels whereon to levy the same, and having made diligent search and enquiry throughout his precincts, for goods and chattels of said *Umberfield,* whereon to levy said execution, and none being shewn or found, and said *Umberfield* having wholly neglected and refused to pay said execution, returned the same into the office of the clerk wholly unsatisfied. In conclusion, the declaration averred, that said *Umberfield* had not prosecuted his said action to effect, but had wholly failed so to do ; that said judgment so recovered by said *Page,* had never been paid, nor in any way satisfied, reversed or annulled, and said execution had never been paid ; by means whereof said recognizance entered into by the defendant, had become forfeited to the plaintiff, and a right of action had accrued to the plaintiff, to have and recover of the defendant, said sum of 140 dollars, in said recognizance mentioned ; yet the defendant, though often requested, had never paid the same to the plaintiff, but had wholly neglected and refused to pay the same ; all which is to the plaintiff's damage, &c.

The defendant pleaded, first, *Nul tiel record* ; on which issue was joined, and found against him. The defendant then moved in arrest of judgment for the insufficiency of the declaration, notwithstanding the issue of *Nul tiel record* so found. The court, without answering this motion, rendered final judgment for the plaintiff. The defendant thereupon, by

motion in error, brought the record before this court for re-
vision.

*Mix*, for the plaintiff in error, after remarking, that bail, being a surety, may, both in law and equity, stand on the very terms of the contract, and is never liable beyond the clear scope of his engagement; that he is liable only in case of the default of his principal, and only to the same extent; and that he is highly favoured in law, and statutes for his saving are to be liberally expounded, (9 *Wheat.* 608. 702, 3. *Lockwood* v. *Jones*, 7 *Conn. Rep.* 431. *Parsons* v. *Williams*, 9 *Conn. Rep.* 236. 239.) contended, 1. That to subject the bail in this case, the record must shew, that *Umberfield* had not real estate, out of which the execution might have been satisfied. In the first place, the law considers real estate as good a fund for the satisfaction of an execution as personal chattels. Secondly, if the plaintiff in a suit is worth the requisite amount, though he has nothing but *land*, the court will not order bonds. This is a test. Thirdly, the doctrine is reasonable. If the principal has land, and that only, either the execution creditor must take it, or the surety must take it for his indemnity; and finally, the creditor may be obliged to take land of the surety. The latter course would be oppressive to the surety, unprofitable to the creditor, and every way absurd. Fourthly, the statute which makes the surety liable, if the principal has no "estate," settles the question. *Stat.* 63. *tit.* 5. *s.* 7. "Estate" does not surely mean *chattels* only, to the exclusion of *land—real* estate. 2 *Bla. Com.* 103. 1 *Sw. Dig.* 74. *Edwards* v. *White* & al. 12 *Conn. Rep.* 28.

2. That the declaration does not shew, that *Umberfield* had not personal property in this state *out* of *New-Haven* county.

3. That the declaration does not allege, that the defendant gave his recognizance, "*on motion*," or by the order of the court. *Stat.* 40. *tit.* 2. *s.* 20. This is a question of jurisdiction. The court may take bond, when prescribed by law, and *sub modo*.

4. That the declaration does not aver *notice* to the defendant of the premises. 2 *Chitt. Plead.* 480, 1.

5. That the court below should have answered the written exception to the declaration. The party has, by the common

law, the same right to have a decision upon such a motion as upon a demurrer. 2 *Tidd's Prac.* 798. 949. 960. 3 *Bla. Com.* 393. *Stephens' Plead.* 115. 117.

*Kimberley,* contra, insisted, 1. That this being an action of debt on a bond of recognizance at common law, all that the plaintiff was bound to aver or prove, was, a valid recognizance and a breach of the condition. In the first place, the recognizance being taken pursuant to and in the form prescribed by the statute, is valid. *Stat.* 40, 1. *tit.* 2. *s.* 20. *p.* 245. *tit.* 38. *s.* 10. It is in a sum certain, and is conditioned "to prosecute the action to effect," &c. Secondly, it follows, as a matter of course, that it is to be forfeited on failure so to do. 1 *Sw. Dig.* 376. Thirdly, the breach is sufficiently *assigned,* especially on general demurrer; as it negatives the words of the condition. This being shewn, the bond was broken, independently of the ability or inability of the principal to pay the costs. 1 *Sw. Dig.* 376. 7 *Conn. Rep.* 435. per *Hosmer,* Ch. J. 9 *Conn. Rep.* 238. per *Bissell,* J. A technical breach is sufficient. *Edwards* v. *White,* 12 *Conn. Rep.* 28.

2. That the damages are a mere matter of evidence; and it is not necessary to aver them, or give a rule of damages. 1 *Chitt. Plead.* 371. 2 *Johns. Rep.* 149. *Woods* v. *Rowan* & al. 5 *Johns. Rep.* 42. *Hughes* v. *Smith, Id.* 168. 174. *Smith* v *Jansen,* 8 *Johns. Rep.* 111. 114. *Albany Dutch Church* v. *Vedder* & al. 14 *Wend.* 165. 168.

3. That the action being upon the bond at common law, the plaintiff is not bound to negative the statute qualification; but that must come from the defendant; and he must also aver that it was known to the plaintiff.

4. That if otherwise, the averments of the declaration are sufficient. In the first place, it was not necessary to show, that real estate of the principal could not be had; for the party would not be bound to take it, if it could be. Secondly, it was not necessary to show that personal estate of the principal out of the county, could not be had. Thirdly, the most that could be required of the party, was, that he should use ordinary and reasonable diligence, in the mode which the law has provided, to get the costs out of the estate of the principal. Fourthly, the contract of the endorser of a note not

negotiable, is, that the drawer shall be of sufficient ability to pay the note, when it falls due, and that it shall be collectable of him, by the use of due diligence. *Perkins* v. *Catlin*, 11 *Conn. Rep.* 218. And it is the duty of the holder of the note to issue an attachment, and secure property, if it can be found. 4 *Conn. Rep.* 127. 528. But even in that case, the holder is not required to show *absolutely*, that the maker is unable to pay. He is not obliged to take real estate, or to go out of the county to search for personal estate; and the maker may have personal estate in the county, unknown to the holder. *Scott* v. *Welton*, 4 *Conn. Rep.* 528. 533.

5. That the declaration is sufficient, after the plea of *Nul tiel record*, and judgment thereon. 1 *Sw. Dig.* 778. 1 *Chitt. Plead.* 718, 19, 20. 5 *Barn. & Cres.* 284. 2 *Brod. & Bing.* 107.

CHURCH, J. This suit is prosecuted against the bondsman in a bond of recognizance, for the prosecution of an action of *Umberfield* against *Page*.

The defendant objected to the sufficiency of the declaration, and chiefly, because it is not averred therein, that the costs adjudged against *Umberfield* could not be had out of his estate. It is probable there may not have been uniformity of practice in this state, in the manner of declaring in actions upon bonds for prosecution; yet upon general principles of the law of pleading, we believe this declaration to be sufficient.

This is an action at common law, upon a recognizance with condition; which condition is, that the plaintiff in the original suit "should prosecute his action to effect, and pay all damages in case he should not make his plea good."

This is the entire condition, and the breach of it is fully set forth in the declaration. The common law requires no more than this. 1 *Chitt. Plead.* 325. *Gould's Pl. c.* 4. *s.* 8. 22. *Lockwood* v. *Jones,* 7 *Conn. Rep.* 435. per *Hosmer*, Ch. J.

In this case, the defendant may have matter of defence, of which on the trial he might have availed himself; but unless such matter constituted a qualification of the original obligation or liability, it was not necessary to allude to it in the declaration. And therefore, the provision in the "act concerning bail," *sec.* 7. which declares, that the surety in bonds

*New-Haven,*
*July, 1841,*

Mix
*v.*
Page.

for prosecution, shall be liable to satisfy the costs, if they cannot be had out of the estate of the principal, being entirely distinct from the statute creating or imposing the obligation, need not have been declared upon, by the plaintiff, as is now claimed ; though it might have furnished a ground of defence. *Th. Ray.* 65. 1 *Lev.* 88. *Gould's Pl. c.* 4. 22. 1 *Chitt. Pl.* 228. 229.

This being our opinion, it is unnecessary that we should consider the question which has been most discussed ; whether a bondsman for prosecution can be made liable, if the principal have a sufficient estate in land, or in personal estate in another state or county, to respond the costs recovered ? In regard to the first suggestion, however, we may say, that to require the creditor to resort to the land of the principal, before he can call upon the surety, is not in analogy with our law in other cases. *Welton* v. *Scott,* 4 *Conn. Rep.* 527. But we forbear a decision of these questions.

It was also claimed, that the judgment of the superior court was erroneous, because it left undecided the motion in arrest of judgment. We do not say that a motion in arrest, cannot, in any case, be interposed, after an issue put to, and tried by the court, instead of the jury ; it is certainly an unusual practice in this state ; but, as in the present case, the declaration is adjudged sufficient, and as the motion in arrest, must, therefore, have been overruled, the defendant has no ground of complaint, because a formal judgment was not entered up against him upon it.

There is no error in the judgment of the superior court.

In this opinion the other Judges concurred.

Judgment affirmed.