## WEBB & HEPP vs. STEVENS & SMITH.

1. A motion was filed to strike out defendant's answer. When the case was called, the defendant did not appear; the motion was not formally disposed of, but judgment was given for the plaintiff. This is not a sufficient cause for reversing the judgment of the court below. The defendant occupied the same position as if the motion to strike out, had been formally decided in his favor.

APPEAL from St. Louis court of Common Pleas.

TODD & KRUM for appellees.

I. Judgment was given for the right party.
II. The court did not err in refusing to grant the motion for a new trial.

RYLAND, J., delivered the opinion of the court.

The appellees, Stevens and Smith, sued appellants in the St. Louis court of common pleas, under the new statute concerning practice in courts of justice, upon a note for three hundred and sixty-eight dollars and twenty-seven sents, due in six months from date, and dated August 17th, 1848. The plaintiffs below in their petition state that the defendants on the 16th day of February, 1849, paid one hundred and eighty-four dollars and twenty-seven cents on this note, and that the remainder of said note and interest are due to the plaintiff.

The appellants, defendants below, appeared and filed their answer, which the plaintiffs moved to strike out, because it is no defence to the action; the court granted defendants leave to file an amended answer, which they did, in which they state that on the 16th of February, 1848, at the city of New York, they gave plaintiffs a draft on John A. Underwood, signed by them, and accepted by Underwood for the sum of seven hundred and fifty dollars at six months from date. They also further state that on the 17th of August following they gave to plaintiffs, their four several promissory notes, as follows, to wit : the first at sixty days from date for $133 33-100, 2 at seventy-five days from date for $133 33-100 ; 3 at ninety days from date for $133 33-100 ; 4 at 6 months from date for $368 27-100, making in all the sum of seven hundred and sixty-eight dollars and twenty seven cents.

These four promissory notes, they state, were given by them in payment of the above mentioned draft.

They further state, that it was agreed between them that the draft

should be held by plaintiffs as collateral security for the payment of the notes, and that upon the payment of the notes the draft was to be given up to defendants. The answer states that the three first notes were paid, and that the half of the fourth note has also been paid, leaving a balance due as the answer expressly admits of $184 14-100 to the plaintiffs, which they state they are ready to pay whenever the plaintiff shall return to them the draft for $750.

A trial of the cause was had at the February term, 1850, when the defendants failing to appear, the cause was submitted to the court, which found a verdict for the plaintiffs for $197 84 cents. Judgment was rendered on this verdict.

Afterwards, the defendants file their motion for a new trial; and assign as causes therefor,

1st. That the verdict is against law and evidence.

2nd. At the time verdict and judgment were rendered, there was pending and undetermined, a motion for judgment upon the answer; this motion the court overruled. The bill of exceptions contains no evidence, no instructions; it has the fact that the plaintiffs moved to strike out the amended answer, and it nowhere appears that this motion was disposed of before the trial, verdict and judgment, and this is the sole ground of the defendant's, appellant's complaint.

The calling of the cause and its submission to the court, upon the record as it then stood, was a veritable abandonment of the motion by the plaintiffs below. I am unable to see how this can in the least affect the defendants below injuriously. It was not their motion.

The plaintiffs moved to strike out the defendant's answer. I can well suppose that the plaintiffs might have had some grounds to think the action of the court disregarding their motion was to their prejudice; but they make no complaint; the court had the defendant's answer with the petition submitted. Here the defendants stood before the court, in the same position they must have occupied if the motion had formally and expressly been decided in their favor. And shall they be permitted afterwards to allege this matter as a ground for the reversal of the judgment below?

The bare statement of the facts as they appear upon the record in this case, must show the fallibility of the applicant's reasons for the interference of this court with the judgment below.

Judgment affirmed.