MARY HELLSTERN, Respondent, *v.* HUGO HELLSTERN, JR., et al., Appellants.

328

Submitted November 22, 1938; decided December 9, 1938.

*Louis R. Pagano* for appellants. The existing equity judgment in plaintiff's favor against defendants is a bar to the maintenance of this action. (*Russell* v. *McCall*, 141 N. Y. 437; *Harrison* v. *Union Trust Co.*, 144 N. Y. 326; *Caylus* v. *N. Y., K. & S. R. R. Co.*, 76 N. Y. 609; *Keller* v. *Feldman*, 81 Hun, 593; *Embury* v. *Conner*, 3 N. Y. 511; *Smith* v. *Smith*, 79 N. Y. 634; *Shuman* v. *Strauss*, 52 N. Y. 404; *Lynch* v. *M. E. R. Co.*, 129 N. Y. 274; *Pray* v. *Hegeman*, 98 N. Y. 351; *Hahl* v. *Sugo*, 169 N. Y. 109; *Bracken* v. *Atlantic Trust Co.*, 167 N. Y. 510; *Maasch* v. *Grauer*, 123 App. Div. 670.) The existing final decree of the Surrogate's Court in defendants' favor is a bar to this action. (*Corcoran* v. *Chesapeake & Ohio Canal Co.*, 94 U. S. 741; *Pray* v. *Hegeman*, 98 N. Y. 352; *House* v. *Lockwood,* 137 N. Y. 259; *Stokes* v. *Stokes,* 155

N. Y. 581; *Hughes* v. *U. P. Lines,* 119 N. Y. 423; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Hicks* v. *Pearsall,* 164 App. Div. 721; *Riggs* v. *Pursell,* 74 N. Y. 370; *Steuben County Bank* v. *Alberger,* 83 N. Y. 274; *Smith* v. *McCluskey,* 45 Barb. 610.)

*David Weinstein* for respondent. The decree of the Surrogate cannot be *res judicata* of the issues in the instant case because there were different parties involved in the proceeding before the Surrogate. (*Sears, Roebuck & Co.* v. *9 Avenue-31 St. Corp.,* 274 N. Y. 388; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Collins* v. *Hydorn,* 135 N. Y. 320; *Helme* v. *Buckelew,* 229 N. Y. 363; *Richards* v. *Gill,* 138 App. Div. 75; *First Nat. Bank* v. *Shuler,* 153 N. Y. 163.) The prior judgment cannot be *res judicata* of the issues in the instant case because different issues are involved in the two actions. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Sielcken-Schwarz* v. *American Factors, Ltd.,* 265 N. Y. 239; *Rose* v. *Hawley,* 133 N. Y. 315; *Hughes* v. *U. P. Lines,* 119 N. Y. 423.)

HUBBS, J. The Appellate Division has certified to this court the question " Should the complaint have been dismissed on the ground that there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties? "

The plaintiff is the widow of Hugo Hellstern, deceased. She was duly appointed administratrix of his estate. Thereafter she, as administratrix, brought a proceeding in Surrogate's Court to discover assets. A decree was duly entered in that proceeding deciding that certain savings bank accounts of her husband which he had, in his lifetime, transferred to the name of the deceased as trustee for his children did not constitute assets of the

estate, also that such bank accounts belonged to the children who were parties in that proceeding.

While the proceeding was in the name of the plaintiff as administratrix it was contended upon the hearing that the money was placed in the bank accounts by her deceased husband in his name as trustee for his children in order to defraud her out of any interest therein as his widow.

Thereafter the plaintiff brought an action in the Supreme Court in her individual capacity against the children who were parties in the Surrogate's Court proceeding, alleging that the same bank accounts were placed in her deceased husband's name as trustee for his children for the purpose of defrauding her of her marital rights in her husband's estate. The defendants in that action, who are the same as the defendants here, interposed the defense of *res judicata*, claiming that the Surrogate's Court decree constituted a bar to that action. Upon motion that defense was stricken from the answer. That order was not reviewed on appeal. The plaintiff was successful in that equity action and a judgment was entered in her favor, adjudging that the transfer of such bank accounts into the name of her husband as trustee was void and that she was entitled to one-third of the amount on deposit in such accounts as the surviving spouse of Hugo Hellstern, deceased; that the defendant children, who are the same children who are defendants here, should account for any money withdrawn from the bank accounts, and that they hold such money, amounting to $3,791.99 and interest, as trustees for plaintiff, and that execution issue therefor against defendants. Thereafter the plaintiff in that action, who is the plaintiff in the action at bar, caused an execution to be issued on that judgment against the defendants who are the same defendants as in the pending action. Supplementary proceedings were instituted, also contempt proceedings, and the wages of one of the defendants were garnisheed.

Having been unsuccessful in collecting the judgment, the plaintiff thereafter commenced this action in conversion against the same defendants, alleging that they had converted the money, amounting to $3,792, awarded to the plaintiff in the prior action in which it was determined that they held the same as trustees.

A motion was made by defendants under rule 107, subdivision 5, to dismiss the complaint on the ground that the former Surrogate's Court decree and the former judgment in the equity action were *res judicata*. The motion was denied by the Special Term and the order was affirmed by the Appellate Division by a divided court.

Undoubtedly the general rule is as stated in *Collins* v. *Hydorn* (135 N. Y. 320, 324), " that a judgment against a party, sued as an individual, is not an estoppel in a subsequent action in which he sues or is sued in another capacity or character." (Cf. *First Nat. Bank* v. *Shuler*, 153 N. Y. 163.) That rule is applicable to the decree of the Surrogate's Court. It does not constitute a bar to the present action as the plaintiff in that proceeding was acting as administratrix and in the present action is suing individually.

However, the judgment in the equity action between the same parties constitutes a bar to the present action. In that action the title to the identical fund was litigated between the same parties. The judgment awarded the fund to the plaintiff and execution was directed to issue in favor of the plaintiff for the identical amount claimed in this action. The very conversion alleged in this action was established by the proof and findings in the prior action. In the equity action the plaintiff was not content with a decree which merely established her title to the fund but she secured a judgment which directed execution in favor of plaintiff for the amount involved. She caused an execution to be issued and took the proceedings heretofore referred to in an effort to collect the judgment. She cannot now maintain another suit to

recover the same fund. She cannot have two judgments against the same defendants to indemnify against the same loss. (*Caylus* v. *N. Y., K. & S. R. R. Co.*, 76 N. Y. 609; *Russell* v. *McCall*, 141 N. Y. 437.)

It is the contention of the plaintiff that two independent causes of action existed to recover the same sum of money, the first, in equity, to set aside transfers of the money in question as invalid, and, second, at law, to recover damages for conversion.

The facts necessary to establish the second cause, if not essential to establish the first, were in fact established in the first action. While the plaintiff contends that the facts upon which the alleged conversion was based occurred after the facts alleged as the basis of the first cause of action, it is plain from the findings in the first action that they were known to the plaintiff before the judgment was rendered in the first action, and that they were the subject of proof there. It being an equity action it was within the power of the court to render any judgment to which the plaintiff might be found to be entitled.

In any event it was unnecessary that in the first action matters sought to be litigated in the present action and alleged to have occurred subsequent to those which formed the basis of the judgment in the first action should have been actually litigated in the first action. Under the circumstances here presented, it was enough, to make the judgment in the first action an effective bar to the present action, that such matters might have been litigated in the first action. The applicable rule was stated by Judge Cardozo in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304, 306) in the following language: "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy

or impair rights or interests established by the first * * *." The judgment in the first action established that moneys in certain bank accounts belonged to the plaintiff and that defendants had withdrawn such moneys. To hold in the present action that defendants did not convert such moneys would be entirely inconsistent with the former judgment. Indeed, the prior judgment would clearly be res judicata upon the question of the ownership of the funds. It being apparent from the findings in the prior action that the fact of the conversion was known to the plaintiff when that action was before the court, it was clearly a question which might have been litigated. Therefore, the factual situation brings the effectiveness of the former judgment as a bar to the bringing of the present action squarely within the rule above quoted. The plaintiff might, in the former action, have established all that she now seeks to establish as the basis for a judgment pursuant to which a body execution could have been obtained. Because she failed to establish all such facts, or having established them failed to take a judgment in the form she now seeks, does not make the judgment taken less a bar to the present action. The judgment in the first action declaring the transfers void in effect established a conversion as of the time of first transfer. With that situation existing, the plaintiff chose to treat the defendants as her debtors, proceeded to enter a judgment in form such that execution could issue thereon, and thereafter to pursue other remedies appropriate to the enforcement of the judgment which she caused to be entered. Thereby the original cause of action became merged in the judgment. " A cause of action is merged in a judgment rendered upon it, not only for the reason that a judgment is of a higher nature, but because it would be vexatious to the one party and of no benefit to the other to permit the recovery of two judgments against the same person for one debt." (*Gray* v. *Richmond Bicycle Co.*, 167 N. Y. 348, 354.) The princi-

ple in question has been applied where an action was prosecuted to judgment against one of several wrongdoers who were joint and several tort feasors and a subsequent action was brought against all. While there the judgment in the first action was held not to bar a second action against those not originally proceeded against, it was held a bar as to the one against whom the first judgment was entered. The court said: " hence, when, subsequent to the first action, the plaintiff commences one against all of the wrongdoers, he has not lost the right to maintain it by reason of an election to waive such a remedy, but he has lost it only as against those whom he has already sued, and he has lost it in their case only for the reason that he has no right to vex them twice for the same cause of action   *   *   *. I think the objection to maintaining the joint action ought to be held personal to the one who has already been sued and against whom judgment has already been obtained. His objection is pertinent, he has once already been proceeded against and judgment has gone against him, and he ought not to be again vexed for the same cause." (*Russell* v. *McCall, supra,* p. 453.) In *Harrison* v. *Union Trust Co.* (144 N. Y. 326) a prior decree of foreclosure of a trust mortgage required the trustee to convey the property to the purchaser. The trustee refused to do so. The second action was brought in which it was sought, among other things, to compel a conveyance. The court said: " nor can the action be sustained as one to compel a conveyance merely. The plaintiffs have already recovered one judgment which explicitly awards that relief, and a court does not sit to repeat over again the identical decree which it has already rendered and which simply needs to be enforced " (p. 330). This rule has long been recognized. Early it was determined that an action of trespass *quare clausum fregit* could not be maintained after judgment in an action of trespass on the case between the same parties upon the same cause of action. (*Johnson*

v. *Smith,* 8 Johns. 383.) In *Goodrich* v. *Dunbar* (17
Barb. 644) the plaintiff recovered a judgment in Cali-
fornia against the defendant for a sum of money found
to be due plaintiff under an agreement whereby defend-
ant took charge of a ship, sold it, paid operating, sale and
other expenses and became entitled to commissions.
Subsequently defendant was arrested in this State under
a statute giving a right to arrest in an action for money
received by an agent in a fiduciary capacity. The court
held there was a merger of the cause of action for money
had and received by an agent in a fiduciary capacity in
the judgment rendered. The court said: " the law of
the state is that a judgment merges the original cause of
action. In this case no action can be sustained for
money received by the defendant as agent; it can only be
sustained on the judgment. If the plaintiffs had accepted
a bond alone, or a bond and mortgage, for their debt,
they could not have sued for the original cause of action,
nor held the defendant to bail. The judgment obtained
by them was as much a voluntary act of theirs as the
acceptance of a bond would be. They chose to sue
the defendant; he did not compel them against their
will to bring him into court in California, or to take
judgment against him. They have all the advantages
of the judgment, and should take it with such incon-
veniences as necessarily attach to it. The defend-
ant might perhaps (if the whole case were opened to
him) show that the items of payment before disallowed
to him should be allowed to him, and if he should succeed
in this he would nearly discharge the plaintiffs' claim.
But he is precluded from doing this, on account of the
high character of the evidence of his indebtedness con-
tained in the record of the judgment, and its merger of
the original contract; and he should therefore be protected
from having that judgment regarded as unimportant,
when the question is whether he should be imprisoned or
not. * * * If judgment were obtained in an action

for a fine or penalty, or on a promise to marry, or for a tort, or in an action for the recovery of personal property, and a suit were brought on such judgment, this last suit could not be called an action for a fine, penalty, or promise to marry, or for a tort, &c.; and so the defendant could not be arrested. Neither can the defendant be lawfully arrested in this case " (p. 647). While the rule there laid down was thereafter held to have been changed in so far as applicable to a judgment of a foreign State by the enactment of section 552 of the Code of Civil Procedure, now section 828 of the Civil Practice Act (*Baxter* v. *Drake*, 85 N. Y. 502), such enactment did not affect the general rule as to the merger of causes of action in judgments of the courts of this State. (See note to *Gutta Percha, etc., Co.* v. *Mayor*, 20 Abb. N. C. 218, New York Court of Appeals.) The reasoning of the court in *Goodrich* v. *Dunbar* (*supra*) remains unaffected by that statutory change in so far as applicable to judgments of the courts of our own jurisdiction.

The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the motion to dismiss the complaint granted, with ten dollars costs. The question certified should be answered in the affirmative.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.