### MOSIER v. FEDERAL RESERVE BANK OF NEW YORK (two cases).
### Nos. 29, 30.

Circuit Court of Appeals, Second Circuit.

Nov. 9, 1942.

Hurlbert McAndrew, of Larchmont, N. Y., for appellant.

Lynch & Cahn, of White Plains, N. Y. (Monroe J. Cahn, of White Plains, N. Y., Walter S. Logan, of New York City, Harold M. Miller, of White Plains, N. Y., and John H. Wurts, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

It is axiomatic that this court must examine its own jurisdiction even though the parties have not questioned it. Collins v. Miller, 252 U.S. 364, 366, 40 S. Ct. 347, 64 L.Ed. 616; United States v. King & Howe, Inc., 2 Cir., 78 F.2d 693, 695. In action No. 1 the decree of dismissal was entered on February 8, 1939, and no notice of appeal therefrom was filed until June 15, 1939. The time for taking

an appeal in such a case is limited to three months by statute, 28 U.S.C.A. § 230. It is mandatory and jurisdictional. Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 177, 57 S.Ct. 682, 81 L.Ed. 988; Robertson v. Morganton Full Fashioned Hosiery Co., 4 Cir., 95 F.2d 780, 781; Stradford v. Wagner, 10 Cir., 64 F.2d 749, 751. Although the method of taking an appeal has been changed by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the time limitation remains unaffected. See note by Advisory Committee on Rules to Rule 73, 28 U.S.C.A. following section 723c; Hill v. Hawes, App.D.C., 132 F.2d 569. Consequently the appeal in action No. 1 must be dismissed unless, as the appellant contends, the time has been extended by reason of the following facts. At the conclusion of the trial the district court announced that there must be a judgment for the defendant on the merits and directed counsel to submit on five days' notice proposed findings of fact and law and a decree. Such proposed findings and decree were noticed by the defendant for settlement on January 11, 1939; objections thereto were filed by the plaintiff. On January 9th, however, the plaintiff obtained a stay of the proposed settlement and an order to show cause why a rehearing should not be granted, the pleadings amended to conform to the evidence, and the suit consolidated with another action then pending.* A hearing on the plaintiff's order to show cause was had before the trial judge, and on February 6, 1939 he endorsed on the cover of the plaintiff's motion papers: "This motion is in all respects denied and I shall proceed to pass upon the proposed findings of fact and conclusions of law and objections thereto." On the same date he signed findings of fact and law and a decree dismissing the complaint on the merits. The decree was entered by the clerk of the district court on February 8, 1939. Thereafter under date of March 16, 1939, and notwithstanding the prior denial of the plaintiff's motion and the prior entry of the decree, the district judge signed a formal order denying the motion and vacating the stay contained in the show cause order of January 9th. The order of March 16th was entered by the clerk on March 21, 1939. On June 15, 1939, the plaintiff filed a notice of appeal from the decree of February 8th and the order of March 21st.

It is well settled that where the court entertains a motion for a new trial in an action at law or for a rehearing in a suit in equity, the time to appeal from the judgment or decree is suspended until the motion is disposed of; and this is true even though the court reaffirms its former action and refuses to enter a decree different from the original one. Morse v. United States, 270 U.S. 151, 153, 46 S.Ct. 241, 70 L.Ed. 518; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 138, 57 S. Ct. 382, 81 L.Ed. 557. In reliance upon this principle the appellant contends that its time to appeal from the February decree did not begin to run until entry of the formal order of March 16th, denying its motion for a rehearing and for other relief; hence its appeal on June 15th was timely. We may assume with the appellant that its motion for a rehearing was not premature, despite the provision of Federal Rules of Civil Procedure Rule 59(b), 28 U.S.C.A. following section 723c, that "A motion for a new trial shall be served not later than 10 days after the entry of the judgment, * * *" But we cannot accept the further assumption that the motion was not denied until the trial judge signed the formal order of March 16th. Obviously it was in fact denied by his endorsement of the motion papers and his signing of the decree on February 6th. In 42 Corpus Juris 511, it is stated that: "The determination of a motion is not always express, but may be implied. Thus the entry of an order inconsistent with granting the relief sought is a denial of the motion. So, also, the entry of final judgment in a cause is in effect an overruling of all motions pending prior thereto in the case." And the authorities there cited support the statement. Ferris v. Commercial Nat. Bank of Chicago, 158 Ill. 237, 240, 14 N.E. 1118; Webb & Hepp v. Stevens & Smith, 14 Mo. 480, 481; Mix v. Page, 14 Conn. 329, 334. Hence the time for appeal began to run when the decree was entered on February 8th and the notice of appeal on June 15th was too late. The signing of the formal order of March 16th was wholly unnecessary and could produce only confusion. It could not result in extending the time for appeal from a decree made after the plain-

---

* Such other pending action was instituted on the same day, January 9th. It is before us on the appeal in action No. 2, and will be further described in our discussion of that appeal.

tiff's motion had already been denied. Cf. Hill v. Hawes, App.D.C., 132 F.2d 569. As to the attempted appeal from the March order, it will suffice to point out that, regardless of the date of denial, no appeal will lie, since denial of the relief sought by the plaintiff's motion was within the trial court's discretion. Conboy v. First Nat. Bank, 203 U.S. 141, 27 S.Ct. 50, 51 L.Ed. 128; Bidwell v. George B. Douglas Trading Co., 2 Cir., 183 F. 93, 95. Accordingly the appeal in action No. 1 is dismissed for lack of jurisdiction.

In action No. 2 the judgment of dismissal was entered July 25, 1939 and notice of appeal was filed on August 15th. Hence the appeal was taken in time and this court has jurisdiction. But there has been a most extraordinary and unexplained delay in prosecuting the appeal. No attempt was made to comply with Federal Rules of Civil Procedure, Rule 73(g), 28 U.S.C.A. following section 723c, nor was any extension of time obtained from this court for filing the record on appeal, which was not filed until June 30, 1942. Although such slackness might well justify a dismissal of the appeal, we will proceed to a consideration of the merits.

The action was commenced by the filing of the summons and complaint on January 9, 1939. By his action the plaintiff sought to recover the amount of nine checks, aggregating $581.43, which he had drawn against his account in the First National Bank in Mamaroneck and delivered to the respective payees, by whom through various forwarding banks they were sent to the defendant, Federal Reserve Bank of New York, for collection. On January 13 and 14, 1933, the checks were presented by mail to the drawee bank and it attempted to effect payment by drafts drawn upon the Federal Reserve Bank; but these drafts were never paid, due to the insufficiency of the Mamaroneck bank's funds in its account with the Federal Reserve Bank and the closing of the Mamaroneck bank before the opening of business on Monday, January 16th. Thereafter the Federal Reserve Bank, in accordance with instructions received from the forwarding banks, elected to treat the checks as dishonored. They were returned to the respective payees, who in turn returned them to the plaintiff in exchange for new checks of like amounts drawn by him on another bank. Such new checks were paid in due course. The theory of the complaint is that the plaintiff is entitled to subrogation to the rights of the payees to recover from the defendant because of its alleged negligence in presenting the checks for payment and remittance by mail instead of for cash over the counter of the drawee bank. The defendant's answer denied the plaintiff's alleged right to subrogation and the defendant's alleged negligence; it also pleaded the decree in action No. 1 as res judicata and as an estoppel. After issue was joined by service of the defendant's answer, each party moved for a summary judgment. The plaintiff's motion was denied and the defendant's was granted, on July 17th, resulting in the judgment on appeal.

Judge Clancy correctly held that the issues raised in the second action had been decided adversely to the plaintiff in the first. Both actions were between the same parties, involved the identical subject matter, and sought recovery by subrogation to the rights of the payees of the checks. Although the bill of complaint in the first action prayed that "a trust ex maleficio be impressed on the assets of the defendant" for the amount of the nine checks, while the second action sought a judgment for the same amount on the ground of negligence, it is apparent upon analysis that fundamentally both complaints assert the same cause of action, namely, the failure of the defendant to perform its alleged duty to present the nine checks over the counter of the Mamaroneck bank for payment in cash. The findings of fact and conclusions of law made by Judge Hulbert in the first action determined that no such duty existed. He determined also that the payees of the nine checks had no rights against the defendant to which the plaintiff could be subrogated. On these issues the plaintiff could not be heard again and they were decisive of his second action. See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 84 L.Ed. 329; Hellstern v. Hellstern, 279 N.Y. 327, 331, 333, 18 N.E.2d 296; Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N.Y. 304, 308, 165 N.E. 456.

For the reasons above stated the appeal in action No. 1 is dismissed, and the judgment in action No. 2 is affirmed.