**L. Gilbert COHEN, Appellant,**

v.

**CURTIS PUBLISHING COMPANY, Curtis Circulation Company, Cowles Magazines, Inc., and The Hearst Corporation, Appellees.**

**No. 17618.**

United States Court of Appeals
Eighth Circuit.

July 15, 1964.

---

L. Gilbert Cohen, pro se.

John J. McGirl, Jr., of Doherty, Rumble & Butler, St. Paul, Minn., for Curtis Pub. Co. and Curtis Circulation Co.

Lawrence C. Brown, of Faegre & Benson, Minneapolis, Minn., for Cowles Magazines, Inc.

Edward C. Stringer, of Stringer, Donnelly & Sharood, St. Paul, Minn., for Hearst Corporation.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

VOGEL, Circuit Judge.

On September 7, 1960, plaintiff-appellant commenced this private anti-trust action to recover treble damages in the amount of $900,000 against Curtis Publishing Company, Curtis Circulation Company, Time, Inc., Life Circulation Company, Cowles Magazines, Inc., The Hearst Corporation and Newsweek, Inc. The complaint charged a conspiracy among the various defendants to exclude the plaintiff from the sponsored circulations market and to allocate that market to themselves, all in violation of the Sherman and Clayton Anti-Trust Laws, 15 U.S.C.A. § 1 et seq. and 15 U.S.C.A. § 12 et seq.

On July 1, 1962, motions of the defendants Time, Inc., and Life Circulation Company for summary judgment were granted by the District Court. D.C. Minn., 1962, 31 F.R.D. 569. Summary judgment granted therein was affirmed by this court per curiam in Cohen v. Time, Inc., 8 Cir. 1963, 312 F.2d 747, certiorari denied 375 U.S. 850, 84 S.Ct. 106, 11 L.Ed.2d 77.

On September 19, 1963, the motions of the defendants Curtis Publishing Com-

pany, Curtis Circulation Company, The Hearst Corporation and Cowles Magazines, Inc., for summary judgment were ordered granted by the District Court. See 229 F.Supp. 354.

On September 30, 1963, plaintiff moved the District Court for an order amending its order for summary judgment dated September 19, 1963, for the apparent purpose of deleting the word "wrongfully" which appeared in the District Court's order and memorandum opinion.

On October 17, 1963, the District Court certified that there was no just reason for delay and expressly directed the entry of final judgment in favor of the four defendants with which we are concerned herein. In so doing, the District Court stated:

### "ORDER

"On the basis of this Court's Order dated September 19, 1963 granting summary judgment in favor of defendants The Hearst Corporation, Curtis Circulation Company, Curtis Publishing Company and Cowles Magazines, Inc., [which order was attacked by plaintiff's motion of September 30, 1963, asking for the deletion of the word "wrongfully"] and on the basis of this Court's express determination that there is no just reason to delay the entry of final judgment in favor of said named defendants, it is hereby ordered that final judgment be entered in favor of The Hearst Corporation, Curtis Publishing Co., Curtis Circulation Company and Cowles Magazines, Inc."

Pursuant thereto final judgment was entered on October 17, 1963.

On October 29, 1963, the District Court entered a written order denying plaintiff's motion of September 30, 1963, requesting the deletion of the word "wrongfully" contained in the court's order of September 19, 1963, supra.

On November 26, 1963, plaintiff filed his notice of appeal to this court. The notice states that the plaintiff

"* * * hereby appeals to the United States Court of Appeals for the Eighth Circuit from:

"1. the order denying plaintiff motion for production of documents, entered September 19, 1963;

"2. order granting the separate motions of the Hearst Corporation, Curtis Circulation Co. and Cowles Magazines, Inc. for summary judgment as to themselves entered September 19, 1963 which was made final judgment on October 29, 1963;

"3. order denying plaintiff's motion to amend summary judgment, entered October 29, 1963.

"Dated November 26, 1963."

Also on November 26, 1963, plaintiff presented to the District Court a motion for leave to prosecute his appeal *in forma pauperis* under 28 U.S.C.A. § 1915. In denying such motion and in certifying that the appeal was "not taken in good faith", the District Court specifically corrected the statement in plaintiff's notice of appeal, calling attention to the fact that plaintiff claimed final judgment was entered on October 29, 1963, whereas final judgment had been entered on October 17, 1963.

Upon plaintiff's failure to docket the appeal in this court, the defendants, pursuant to Rule 75(j) of the Federal Rules of Civil Procedure, 28 U.S.C.A., moved that the appeal be docketed and that it then be dismissed. It is that motion of the defendants which is before this court for consideration. The issues raised by defendants' motion to dismiss are threefold:

1. Does this court lack jurisdiction to entertain plaintiff's appeal because plaintiff failed to file notice of appeal within thirty days after the entry of judgment, as provided by Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.?

2. Does this court lack jurisdiction to entertain plaintiff's appeal because plaintiff seeks to appeal from three non-appealable orders?

3. Should this court summarily dismiss the appeal on the grounds that it is not taken in good faith, is frivolous and presents no substantial question for review?

As to the first issue regarding the timeliness of plaintiff's notice of appeal, the question is, of course, from what date did the 30-day appeal period commence to run, i. e., from the entry of final judgment on October 17, 1963, or from the formal denial on October 29, 1963, of plaintiff's motion filed September 30, 1963, requesting the deletion of the word "wrongfully". See Rule 73(a), Federal Rules of Civil Procedure, 28 U.S.C.A. We believe that the District Court's entry of final judgment as of October 17, 1963, was an effective denial of plaintiff's motion of September 30, 1963, to delete the word "wrongfully" so that the 30-day period within which to file notice of appeal commenced on October 17, 1963. The final judgment is specifically based on the order of September 19, 1963, and is, therefore, an approval of such order and a denial of plaintiff's request to amend by the deletion of the word "wrongfully". It impliedly and effectively denied plaintiff's motion. The Court of Appeals for the Second Circuit in Mosier v. Federal Reserve Bank of N. Y., 2 Cir., 1942, 132 F.2d 710, held that the entry of a final decree had the effect of denying a motion for rehearing pending before the court at the time the final decree was entered and that the subsequent formal order denying the motion was wholly unnecessary and did not extend the time for filing the appeal. At page 712 the court said:

"  *  *  *  But we cannot accept the further assumption that the motion was not denied until the trial judge signed the formal order of March 16th. Obviously it was in fact denied by his endorsement of the motion papers and his signing of the decree on February 6th. In 42 Corpus Juris 511, it is stated that: 'The determination of a motion is not always express, but may be implied. Thus the entry of an order inconsistent with granting the relief sought is a denial of the motion. *So, also, the entry of final judgment in a cause is in effect an overruling of all motions pending prior thereto in the case.*' And the authorities there cited support the statement. Ferris v. Commercial Nat. Bank of Chicago, 158 Ill. 237, 240, 14 N.E. 1118; Webb & Hepp v. Stevens & Smith, 14 Mo. 480, 481; Mix v. Page, 14 Conn. 329, 334. Hence the time for appeal began to run when the decree was entered on February 8th and the notice of appeal on June 15th was too late. The signing of the formal order of March 16th was wholly unnecessary and could produce only confusion. It could not result in extending the time for appeal from a decree made after the plaintiff's motion had already been denied. Cf. Hill v. Hawes, [76 U.S.] App.D.C. [308], 132 F.2d 569." (Emphasis supplied.)

See, also, Agostino v. Ellamar Packing Co., Inc., 9 Cir., 1951, 191 F.2d 576, 577, 13 Alaska 34, wherein the court, in considering a similar problem, said:

"It is appellants' contention that the motion to reconsider was in effect a motion for a new trial which extended their time for appeal under Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C.A. We disagree. Even assuming that a motion for a new trial may be filed prior to the entry of judgment nevertheless under the facts of this case the motion to reconsider was nothing more than an argument on the law applicable to the case and every request made therein was in effect denied by the findings of fact, conclusions of law and judgment entered after the motion to reconsider was filed. The denial of a motion need not be express but may be implied."

See, also, 60 C.J.S. Motions and Orders § 39 (1949).

As noted supra, the District Court considered October 17th as the date for the entry of judgment. In its order of November 29, 1963, denying plaintiff's motion to appeal *in forma pauperis,* it made specific reference thereto. The plaintiff's motion of September 30, 1963, by which he now hopes to keep alive his appellate rights as to time, presented no such substantial issue of fact or law (the deletion of the word "wrongfully") as would justify this court, in the interest of justice, overlooking plaintiff's disregard of the time rule. Accordingly, as to the first issue, we hold that plaintiff's notice of appeal not having been filed within the 30 days after the entry of a final appealable order and no effective steps having been taken to suspend the running of the 30-day period, such notice was not timely and the court's certificate that there was no just reason for delay and that final judgment be entered had the effect of commencing the 30-day appeal period.

As to the second question, it appears that the plaintiff has attempted to appeal from three orders, clearly none of which is appealable. The order dated September 19, 1963, denying plaintiff's motion for production of documents is an interlocutory order, does not terminate the litigation, and therefore is not appealable. Kowalski v. Holden, 6 Cir., 1960, 276 F.2d 359, 360; Apex Hosiery v. Leader, 3 Cir., 1939, 102 F.2d 702; 13 Cyc.Fed.Proc. § 57.46 (3 ed. 1952). The second order from which appeal was attempted was the court's order, also dated September 19, 1963, directing the granting of defendants' motion for summary judgment. It was not a final order and not appealable because at that time it adjudicated less than all of the pending claims and did not affect all of the parties. (Newsweek, Inc., has not joined with the other defendants in the present motions.) See Garbose v. George A. Giles Co., 1 Cir., 1950, 183 F.2d 513, 514; 6 Moore's Federal Practice, par. 56.21(1) (2 ed. 1953).

The third order appealed from, dated October 29, 1963, formally denying plaintiff's motion to strike the word "wrongfully" from the order of September 19, 1963, was addressed to the discretion of the trial court, was effectively denied when the court entered judgment on October 17, 1963, and was not an appealable order. United States v. Muschany, 8 Cir., 1946, 156 F.2d 196, 197; 13 Cyc.Fed.Proc. § 57.61 (3 ed. 1952).

In considering defendants' third ground for dismissal, attention is directed to the fact that plaintiff's original complaint charging conspiracy, etc., included Time, Inc., and Life Circulation Company as alleged conspirators. Those two defendants moved for a summary judgment, which motion was granted in Cohen v. Curtis Publishing Co., D.C. Minn., 1962, 31 F.R.D. 569, and affirmed on appeal by this court in Cohen v. Time, Inc., & Life Circulation Co., 312 F.2d 747, certiorari denied 375 U.S. 850, 84 S. Ct. 106, 11 L.Ed.2d 77. The action against these present defendants is premised on substantially the same facts as it was against Time, Inc. and Life Circulation. The District Court, in a carefully detailed opinion published in 229 F.Supp. 354, considered the merits, concluded that there was no genuine issue of fact to be determined and directed the entry of summary judgment. In its order of November 29, 1963, denying plaintiff's application for leave to appeal *in forma pauperis,* the District Court stated:

"* * * The Court is of the opinion that substantially the same question involved herein was disposed of in the per curiam decision filed by the Court of Appeals in Cohen v. Time, Inc. and Life Circulation, Inc., 312 F.2d 747, certiorari denied. *The Court certifies, therefore, that this appeal is not taken in good faith.*" (Emphasis supplied.)

We fully agree and, further, find no justification for reiteration here of the District Court's opinion as published and referred to supra. While it is true that a motion urging the dismissal of an ap-

peal on the grounds that it presents no substantial question for review, is frivolous or not taken in good faith should be granted only in extreme cases, cf. Morrison v. Texas Company, 7 Cir., 1961, 289 F.2d 382; Davis v. F. W. Woolworth Co., 10 Cir., 1931, 54 F.2d 366, we believe this to be a proper instance for its application. The case of the plaintiff against these four defendants is as wholly without merit as was that against Time, Inc. and Life Circulation Company, supra.

The motion to dismiss will be granted.