Robert L. BREWSTER, Plaintiff-
Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 28662

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 4, 1970.

Robert L. Brewster, pro se.

John L. Briggs, U. S. Atty., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Eugene P. Kopp, Meyer Rothwacks, William Massar, Richard Farber, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

Robert L. Brewster, representing himself, filed a three count suit [amended

complaint] against the United States. In the first two counts he sought recovery of alleged overpayments of income taxes for the years 1961 and 1964. In the third count he claimed damages alleged to have resulted from the failure of the Federal Deposit Insurance Corporation and the Comptroller of the Currency to hold administrative hearings in response to his request that the charter and the deposit insurance coverage of the First National Bank of Oshkosh, Wisconsin, be "removed".

Subsequently, Brewster filed motions in which he sought (1) an order enjoining the Internal Revenue Service from "further auditing, reviewing, discussing, collection [sic] or in any manner harassing the plaintiff concerning his past, present, or future income tax returns until the above indicated action is disposed of at the highest level of judicial review".

Brewster also sought reconsideration of District Court orders granting the government additional time to answer as well as an order requiring the government to produce certain documents for his inspection.

The District Court heard and denied all motions. Additionally, it dismissed Count 3, with leave to amend by a date specified. No amendment was ever filed.

The action of the District Court denying the motion for temporary injunction is in compliance with § 7421 of the Internal Revenue Code.[1] It, therefore, is affirmed.

For lack of finality the action taken on the remaining motions and the dismissal of Count 3 with the right to amend are not appealable, 28 U.S.C. 1291, 1292(b); Rule 54(b) Federal Rules of Civil Procedure; Benada Aluminum Products Company v. Home Insurance Company, 5 Cir., 1966, 368 F.2d 1001;

Cohen v. Curtis Publishing Company, 8 Cir., 1964, 333 F.2d 974. As to these items the appeal is dismissed.

In part affirmed.

In part appeal dismissed.

---

1. Internal Revenue Code of 1954:

*Sec. 7421. Prohibition of Suits to Restrain Assessment or Collection.*

(a) *Tax.*—Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.

\*　　\*　　\*　　\*　　\*

(26 U.S.C.1964 ed., Sec. 7421).