Samuel A. Spiegel, J.
Plaintiff moves for summary judgment and defendant cross-moves for judgment dismissing the complaint, pursuant to CPLR 3211 (subd. [a], pars. 5, 8) or, in the alternative, for dismissal pursuant to CPLR 3212 (subd. [b]).
Plaintiff alleges the execution in New York City on March 15, .1968, of a lease to property located in Florida. The defendant is the lessor. Three checks, totaling $50,000, comprising the security, were delivered in escrow to defendant’s attorneys in New York City. By agreement, in writing, of August 21, 1968, plaintiff was substituted as the lessee. Because the security deposit was commingled and not held in trust, demand for its return was made on January 15, 1969, and refused.
Defendant, a nonresident, has pleaded the claim does not arise from any act enumerated in CPLR 302. In a second defense, defendant alleges he was at all times a Florida resident. The amendatory agreement substituting plaintiff as lessee was executed by the defendant in Florida. Plaintiff was qualified to do *480 business in Florida and performed the terms of the lease in Florida. It was intended by the parties to the lease that it be construed under the laws of the State of Florida, and that the lease security be deposited, collected and held by the defendant within the State of Florida, subject to the terms of the lease and the applicable provisions of the laws of the State of Florida. Pursuant to article XI-B of the lease, the defendant was not required to keep the security deposited separately and earmarked, and defendant was not required to make payment of interest thereon. The lease further provides that the security should not be applied as rent at any time. The lessor was granted the right to use, if necessary, the security or any part thereof to fulfill the obligations of the lessee in the event of default but without obligation on the part of the lessor to do so. Further, the lease provides that in the event of default the lessor has the right to cancel, and any remaining portion of the security shall be retained as liquidated and agreed-upon damage. The lessor did cancel.
In a fourth defense, it is alleged that in an action instituted by defendant in the State of Florida, which plaintiff defended, an amended final judgment was entered which adjudicated defendant’s right to cancel and to retain the security deposit. There was affirmance on May 19, 1970, on appeal by this plaintiff in the District Court of Appeal, First District, State of Florida. The amended final judgment, it is alleged in a fifth defense, permanently enjoins the institution of this action.
Plaintiff relies on section 7-103 of the General Obligations Law which reads in part: ‘ ‘ Any provision of such a contract or agreement whereby a person who so deposits or advances money waives any provision of this section is absolutely void.”
It relies also on Mallory Assoc. v. Barving Realty Co. (300 N. Y. 297, 302). There it was observed: “ The protection afforded by section 233 should apply to funds deposited in New York as security under a contract of lease made in New York between corporations created by New York, even though the real property which is the subject matter of the contract is located elsewhere. In so holding, we are not giving extraterritorial operation to the statute, but, on the contrary, in accordance with the evident legislative intent, we are permitting it to govern the rights and liabilities of corporations created by New York, under a New York contract, with respect to a New York subject matter, viz., the security deposit.”
In this instance, the lease contract was executed in New York City, while defendant was at all times a resident of the State of Florida, where the property is located. It appears to be undis *481 puted that the lease was largely negotiated in the State of Florida where, of course, it is to be substantially performed, and the presence in New York of the defendant to execute the lease contract seems to have been purely coincidental. The lease recites it was made in Florida. It negates the application of the General Obligations Law. While the security deposit was produced in New York City by delivery to the lessor’s attorneys in escrow of three checks, yet, it was contemplated, and, indeed, required that delivery be made later to the lessor upon the occurrence of stated conditions and it was further contemplated that turnover of the proceeds of the checks delivered in escrow, would be made to the lessor in Florida. Delivery of the proceeds of the checks was made to the defendant in Florida and the deposit, as well, was made and maintained there.
Mallory Assoc. v. Barving Realty Co. (supra, p. 301) refers to Matter of Barnett (12 F. 2d-73, cert. den. sub nom. United Cigar Stores Co. v. Rayher, 273 U. S. 699) where the court stated: ‘ ‘ ‘ The lease in this case, as already stated, was made in the city of New York, where both parties to the lease maintained offices and were engaged in business. It must be admitted that the lease, in so far as it affects the creation of an interest in real estate, is governed by the law of the situs. But although a lease relates to an interest in real property, and in so far as it so relates is governed by the lex loci rei sitae, the personal covenants between the contracting parties, though contained in a contract affecting realty are governed by the lex loci contractus; and as the contract of lease was made in New York, and the deposit was delivered to the lessor in New York, and rent was payable in New York, the law of New York governs as to the purely personal covenants ’. ’ ’ (Italics supplied.)
The action instituted in the State of Florida was a plenary suit. This defendant, as plaintiff, sought cancellation of the lease and cancellation was decreed as well as the right of the lessor to retain the security as liquidated damage. On appeal this plaintiff urged as error:
“ 12. The Court erred in failing to require the Plaintiff to account for and return the security deposit to the Defendant.
‘ ‘ 13. The Court erred in finding that the Plaintiff was entitled to retain the full amount of the security deposit. ’ ’
There was affirmance.
The parties were properly before the court. Plaintiff joined voluntarily and contested. It was a plenary suit and not a summary proceeding. There was not involved a setoff of rent owed against the security but the enforcement of a lease provision concerning which the judgment declares: ‘ ‘ The Court finds that *482 the provisions of the Lease entitling the Plaintiff to retain the security deposit is a bonafide provision for liquidated damage and is not intended as a penalty and therefore the Plaintiff is entitled to retain the full amount of the security deposit which the plaintiff has.” It is not disputed that under Florida law in a plenary suit, assertion of existing counterclaims is compulsory (30 Fla. Stat. Ann., Rules Civ. Prac., rule 1.170). Nor is it disputed that the present claim of commingling then existed and arose prior to action and plaintiff did interpose it tangentially. Plaintiff’s asserted claim of right, like the claim asserted by this defendant in the prior action arose out of the same transaction. Assuming New York law applies, it will apply to the security provision of the lease transaction. This would leave unaffected the law of the forum with respect to the tendering of all issues available and arising out of that transaction and New York law, if applicable, could be raised (Hellstern v. Hellstern, 279 N. Y. 327).
The motion is denied and the cross motion is granted.