# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3803

———————

Sirti Limited Corp.,     *
   *
      Appellee,    *
   *    Appeal from the United States
     v.    *    District Court for the
   *    District of Minnesota.
The Travelers Indemnity Company of    *
America; The Travelers Indemnity    *    [UNPUBLISHED]
Company of Illinois,    *
   *
     Appellants.    *

———————

Submitted: June 14, 2004
Filed: July 27, 2004

———————

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Sirti Limited Corp. ("Sirti"), an engineering firm, contracted with Seren Innovations Incorporated ("Seren"), a subsidiary of Northern States Power, in March 1998 to design a cable installation project in St. Cloud, Minnesota. Cable Constructors, Inc. ("CCI") contracted with Seren to install the cable system. In July 1998, Sirti agreed, in a separate contract with Seren, to provide construction management services on the project. Under the July agreement, Sirti agreed to ensure that the installation of the cable complied with Sirti's design and local safety regulations.

On December 11, 1998, CCI struck a gas line during the installation process. The gas leak resulted in an explosion which killed four individuals, injured several others, and damaged nearby property. The victims of the accident filed twenty-four separate lawsuits against Sirti for wrongful death, personal injury, and property damage.

Sirti filed insurance claims under their Professional Liability Policy from Evanston and their Commercial General Liability and Commercial Excess Liability (Umbrella) Policy from Travelers. Evanston agreed to defend Sirti. Travelers refused to defend because the type of work provided by Sirti at the time of the accident was not covered under the policy.[1]

Sirti filed a motion for partial summary judgment on the issue of Travelers' duty to defend. The district court granted partial summary judgment in favor of Sirti, finding Travelers had a duty to defend. The court did not address whether Travelers had a duty to indemnify. Travelers timely appealed the district court's decision.

---

[1]Travelers denied they had a duty to defend in a February 1999 letter that stated:

> Sirti contracted with Seren to provide design and engineering services for the cable installation project. We also understand that Sirti did not have employees on site at the time of the drilling which led to the explosion.
>     . . . .
> Both policies contain endorsements that exclude coverage for "bodily injury" and "property damage" arising out of professional services performed by Sirti. . . . Since Sirti's involvement in this case was as a provider of professional services, there would not be coverage for damage claims arising out of the explosion.

J.A. at A-60.

The federal courts have limited, not general, jurisdiction. See <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986). We consider our own jurisdiction. <u>Id.</u> We raise, sua sponte, jurisdictional issues when it appears that the court lacks jurisdiction, even if the parties concede the issue. <u>See</u> <u>Thomas v. Basham</u>, 931 F.2d 521, 522-23 (8th Cir. 1991).

We have jurisdiction over final judgments. <u>See</u> 28 U.S.C. 1291. An order granting partial summary judgment is not final. <u>See</u> <u>Liberty Mutual Ins. Co. v. Wetzel</u>, 424 U.S. 737,740 (1976); <u>Cohen v. Curtis Pub'g Co.</u>, 333 F.2d 974 (8th Cir. 1964). Furthermore, Travelers could have requested the district court to enter final judgment with "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment, which authorizes an immediate appeal when only some parties or claims are dismissed," but they failed to do so. See Fed. R. Civ. P. 54(b); <u>Reinholdson v. Minnesota</u>, 346 F.3d 847, 849 (8th Cir. 2003). Accordingly, we dismiss this appeal without prejudice for lack of jurisdiction. Travelers may pursue a timely appeal following the district court's entry of judgment under Rule 54(b). A certified copy of such order, if entered, shall be transmitted to the clerk of this court.[2]

Appeal dismissed.

_____

---

[2]On a subsequent appeal from a 54(b) order, no additional briefs need be filed.

-3-