**ERNST SEIDELMAN CORPORATION
v. MOLLISON et al.**

Civ. No. 928.

United States District Court
S. D. Ohio, W. D.

July 26, 1950.

Louis T. Shulman, Dayton, Ohio, Richard H. Wels, New York City, Shaman, Winer & Shulman, Dayton, Ohio, Moss & Wels, New York City, of counsel, for plaintiff.

Clinton S. Courson, and W. Edmund Shea, Dayton, Ohio, E. H. & W. B. Turner, Dayton, Ohio, of counsel, for defendants.

NEVIN, Chief Judge.

On March 9, 1950, plaintiff herein filed a document entitled Cross-Motion for Summary Judgment. With its "Cross-Motion" and attached thereto, and in support thereof, plaintiff filed two affidavits and certain exhibits. One affidavit was that of Richart H. Wels and the other of Bernard J. Gardener.

On June 1, 1950, defendants filed a motion wherein they move that the Court "order stricken for non-compliance with Rule 56 (e) Federal Rules of Civil Procedure" (1) the entire affidavit of Richard H. Wels and (2) "certain portions of the affidavit of Bernard J. Gardener, and all attached exhibits". The cause is presently before the Court on this motion.

### I.

Fed.Rules Civ.Proc. rule 56(e), 28 U.S.C.A. provides (among other things) that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein".

A careful reading of the affidavit of Richard H. Wels shows conclusively that it does not meet these requirements.

Upon a review and consideration of the affidavit itself and the applicable rule, the Court is of the opinion and so finds that the first branch of defendants' motion herein referred to, is well taken, and that it should be, and it is, sustained. The affidavit of Richard H. Wels should be stricken.

Plaintiff (in his brief) suggests that defendants' motion to strike the affidavits should be overruled in its entirety, first, because the motion was not filed within the time prescribed by Rule 12(f) of the Federal Rules of Civil Procedure. As defendants point out, however, and as the rule itself clearly indicates Rule 12(f) is applicable only to motions to strike portions of "pleadings". It is not applicable to motions to strike affidavits or portions thereof for non-compliance with Rule 56(e). Rule 12(f) has no application here.

## II.

■ In the second branch of its motion, defendants, as already indicated, move that "certain portions" of the affidavit of Bernard J. Gardener and all attached exhibits, be stricken. In their brief, defendants say: "Movants seek to have stricken certain portions of the affidavit of Bernard J. Gardener and all attached exhibits, also for non-compliance with Rule 56(e). Specifically movants seek to strike all those portions of the affidavit and all attached exhibits (a) not made upon personal knowledge (b) inadmissible in evidence or (c) as to which the affiant is not competent to testify".

In their brief defendants further say "examination of the (Gardener) affidavit discloses a total disregard of the requirements of Rule 56(e). Illustrative violations of these requirements are * * *". Thereupon defendants set forth a number of "illustrative violations" saying, however, "these illustrations are not exhaustive for compliance with the requirements is the exception rather than the rule".

The second branch of defendants' motion asking the Court to order stricken "certain portions" of the Gardener affidavit and all attached exhibits, is too general. Defendants must point out in their motion specifically just what language or statements in the Gardener affidavit they seek to have stricken. The Court cannot and should not be expected to go through the Gardener affidavit "with a fine-tooth comb" and pick out the "certain portions" which defendants (from their viewpoint) feel should be stricken. That duty and responsibility rests upon the defendants. That defendants apparently believe there are many statements that should be stricken is evidenced by their statement in their brief that the "Illustrative violations" there referred to "are not exhaustive".

Because of its general nature and in its present form, the Court is of the opinion and so finds that so much of defendants' motion as is contained in the second branch thereof, should be, and it is, overruled. Defendants, however, may have leave to amend their present motion, or to file an amendment to their present motion, if they so desire, setting forth specifically such portions of the Gardener affidavit and attached exhibits as they wish to move to have stricken.

Counsel may prepare and submit an order in accordance herewith.

Defendants may have thirty days from the date of the filing of such order in which to amend their present motion, or file an amendment to their present motion, in accordance with the ruling just above made.