**AGOSTINO et al. v. ELLAMAR PACKING CO., Inc.**

No. 13003.

United States Court of Appeals Ninth Circuit.

Sept. 18, 1951.

Bailey E. Bell, Anchorage, Alaska, for appellants.

Plummer & Arnell, Anchorage, Alaska, for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

PER CURIAM.

Defendant-appellee filed a motion to docket the appeal in this case and then dismiss on the ground that the appeal was not filed within the time required by law and further that the order appealed from is not a final order. Appellants have petitioned this court for a rehearing from our order entered July 12, 1951 dismissing their first attempted appeal.

Judgment in this action was entered on April 12, 1951. Notice of appeal was filed on May 15, 1951. On motion of appellee this court on July 12, 1951, dismissed this appeal. Following this dismissal there was set for hearing in the district court appellants' motion to reconsider which appellants had filed in the district court on March 26, 1951 this being about two weeks before the entry of judgment. This motion was entitled: "Motion to Reconsider, and in the Alternative, Objections to Findings of Fact, Conclusions of Law and Judgment as Drawn, and Motion to Require Defendant to Submit Findings of Fact, Conclusions of Law and Judgment in Accordance with the Court's Memorandum Opinion." The district court denied this motion by a minute order entered August 2, 1951 which order

referred to it as a motion for a new trial but which reference was corrected on August 3, 1951 to conform to the heading of the motion.

Appellants then filed a second notice of appeal on August 3, 1951 which notice recites that appellants are appealing from the final judgment overruling the motion for a new trial. It may be noted at this point that an appeal must be taken from the judgment and not from the denial of a motion for a new trial. Libby, McNeill & Libby v. Malmskold, 9 Cir., 115 F.2d 786.

It is appellants' contention that the motion to reconsider was in effect a motion for a new trial which extended their time for appeal under Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C.A. We disagree. Even assuming that a motion for a new trial may be filed prior to the entry of judgment nevertheless under the facts of this case the motion to reconsider was nothing more than an argument on the law applicable to the case and every request made therein was in effect denied by the findings of fact, conclusions of law and judgment entered after the motion to reconsider was filed. The denial of a motion need not be express but may be implied. Mosier v. Federal Reserve Bank of New York, 2 Cir., 132 F.2d 710. In the case just cited it was held that a motion was denied by a notation on the motion papers and by the entry of the decree and that a formal order entered later was unnecessary and did not extend the time for appeal. While the facts in that case are not identical with the case at bar the principle is applicable. We are of the opinion that the motion to reconsider was in no sense a motion for a new trial or a motion to amend the findings of fact the denial of which would extend the time for appeal.

Appellants' time for appeal having expired they cannot use this lurking motion, filed before the entry of judgment, as a means of extending the time for appeal. The appeal is dismissed for lack of jurisdiction. The petition for rehearing is denied.