**Joseph SLENCZKA et al., Plaintiffs,**

v.

**The HOOVER BALL AND BEARING COMPANY, UNIVERSAL WIRE SPRING DIVISION, Defendant.**

**Civ. No. 37334.**

United States District Court
N. D. Ohio, E. D.

March 30, 1963.

Julien C. Renswick and Day & Berkman, Cleveland, Ohio, for plaintiffs.

Russell Leasure, Cleveland, Ohio, and Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., Baker, Hostetler & Patterson, Cleveland, Ohio, of counsel, for defendant.

GREEN, District Judge.

Since about the year 1939 there was in existence in the Cleveland area a manufacturing company known as the Universal Wire Spring. Through the years it underwent changes in form and variations in name. At the time pertinent to this lawsuit it was legally known as the Universal Wire Spring Division of the Hoover Ball and Bearing Company. (Universal).

Since 1941 the Universal employees have been organized in a union which has been the recognized collective bargaining agent for said employees. The union has undergone changes in name and form since 1941. At the time pertinent to this lawsuit Local Union No. 312 of the International Union, Allied Industrial Workers of America, AFL–CIO, was the bargaining agent for the Universal employees. (Union).

This action arises out of the closing by defendant of its Universal Division plant at Bedford, Ohio, in September, 1961, and shifting of its manufacturing

operations to a new plant site at Georgetown, Kentucky. The plaintiffs requested that defendant transfer them to the Georgetown, Kentucky plant on a basis which would give recognition to the years of seniority which each of them had acquired while in the employ of the Universal Division. These requests were made prior to the closing of the Bedford, Ohio plant, and were refused by defendant.

The facts in this case, as recited in the pleadings are as follows:

Plaintiffs were employees of defendant at its Universal Division plant at Bedford, Ohio. Plaintiffs' collective bargaining representative (Union) had negotiated a series of bargaining agreements with Universal. The last of these agreements was in August, 1959, and covered a period from August 23, 1959 to and including August 23, 1961.

The first paragraph of the agreement provided that, in addition to the company's plant at Solon Road, Wenso Road, Bedford, Ohio, "This agreement is also binding if any existing operation is moved within a sixty (60) mile radius."

On December 8, 1960 defendant informed its employees, including plaintiffs, that its manufacturing operations at the Bedford, Ohio plant would be terminated in August of 1961 and that the August 23, 1959 collective bargaining agreement would be terminated upon termination of the employment of all employees. The notice of the closing of manufacturing operations at the Bedford, Ohio plant informed the employees that further operations of this plant would be economically unsound; and that the company intended to move its manufacturing operations to a plant located in another state.

Thereafter on January 30, 1961 the employees' collective bargaining representative (Union) and the defendant after a period of negotiations entered into a termination agreement which set forth in some detail the manner in which the rights, privileges, benefits and duties of the employees, including plaintiffs herein, the Union, and the defendant company were to be handled.

The terms and conditions of this agreement pertinent to this action are as follows:

"5. In consideration of the benefits provided the employees by this Agreement, the Union and each of the employees represented thereby agree to the following:

"(a) Effective with its termination, they waive any and all rights under the Collective Bargaining Agreement dated the 23rd day of August, 1959, as amended, and acknowledge that this Agreement is in full settlement of any and all rights thereunder or arising out of the relationship existing between them and the company."

Thereafter, in September of 1961, the shutdown of defendant's Bedford, Ohio plant was completed and the defendant transferred manufacturing operations to a new plant site at Georgetown, Kentucky. Machinery used at defendant's plant in Bedford, Ohio was removed and transferred to the new plant in Georgetown, Kentucky.

Prior to the closing of the Bedford plant the individual plaintiffs, by letters dated July 18, 1961, to defendant, requested transfers to the Georgetown, Kentucky plant on the basis of seniority acquired at the Bedford, Ohio plant.

Defendant on July 24, 1961, wrote to plaintiffs advising in substance that their seniority rights had been terminated by the agreement of January 30, 1961, and that they could make application for employment at the Georgetown, Kentucky plant if they desired.

This action seeks damages from defendant as a result of defendant's refusal to transfer plaintiffs to the new Georgetown, Kentucky plant on a seniority basis.

Defendant has moved for a judgment on the pleadings. Plaintiffs have filed a motion for summary judgment, which in this instance is tantamount to a cross-motion for judgment on the pleadings, as there is nothing before the Court except the pleadings and exhibits appended thereto.

Defendant in its answer set up the following defenses:

"1. The Collective Bargaining Agreement of August 23, 1959, by its express terms, grants no rights of any kind or nature to defendant's operation outside of a sixty (60) mile radius of the Bedford, Ohio plant.

"2. The provisions of the Termination Agreement dated January 30, 1961, negotiated between the defendant and the collective bargaining representative of its employees at the Bedford, Ohio plant was in full settlement of any and all rights arising out of the relationship between the defendant and its employees, including the plaintiffs."

The first question before the Court is whether plaintiffs acquired transferable seniority rights as a consequence of their employment by Universal.

■ An employee does not acquire seniority rights simply by virtue of his employment. Any such rights are created *and limited* by the collective bargaining agreements made between the chosen representative of the workers and the employer. Elder v. New York Central RR Co., 152 F.2d 361, 364 (CA 6, 1945).

The collective bargaining agreement between Universal and the Union, entered into on August 23, 1959, contained the following preamble:

"In consideration of the promises each to the other made, this agreement is made and entered into at Bedford, Ohio, this 23rd day of August, 1959, by and between THE UNIVERSAL WIRE DIVISION OF UNIVERSAL INCORPORATED, Solon Road, Wenso Road, Bedford, Ohio (hereinafter referred to as the "Company") and the LOCAL UNION No. 312 of THE INTERNATIONAL UNION, ALLIED INDUSTRIAL WORKERS OF AMERICA, AFL–CIO. (hereinafter referred to as the "Union"). *This agreement is also binding if any existing operation is moved within a sixty (60) mile radius."* (Emphasis added).

On July 16, 1962 the Court of Appeals for this Circuit handed down its opinion in Oddie v. Ross Gear and Tool Company, 305 F.2d 143 (CA 6, 1962).

In that case the employer had announced a contemplated change of plant location from Detroit, Michigan, to Lebanon, Tennessee. During the term of the collective bargaining agreement and prior to the move a number of employees brought a declaratory judgment action, seeking a declaration that their seniority rights were vested rights and transferable to the new plant in Tennessee. The District Court entered judgment for the plaintiffs.

The Court of Appeals reversed the judgment of the District Court. The basis of the judgment of reversal is found in the following excerpts therefrom:

"The collective bargaining agreement provides that the Company recognize the Union as the exclusive representative 'of its employees in its plant or plants which are located in that portion of the greater Detroit area which is located within the city limits of Detroit for the purposes of collective bargaining. * * *' This is plain, unambiguous language. The agreement gave seniority and recall-to-work rights to employees in the defendant's plants which were within the city limits of Detroit. It gave no such rights to employees of a plant in Tennessee. [305 F.2d 143, 148.]

* * * * * *

"We are not in agreement with the plaintiffs' contention that the agreement was for the benefit of the employees of the Gemmer Company, wherever it might be, in Detroit or in Tennessee, and that the reference in the agreement to the city limits of Detroit was merely a reference to where the Gemmer Company was

then located. This ignores the fact that the reference is not to the employees of the Gemmer Company but to the Company's employees 'in its plant or *plants*' within the city limits of Detroit." [id., at 148]

\* \* \* \* \*

"If no rights were acquired under the bargaining agreement as employees at the Tennessee plant, it necessarily follows that no rights have been cut off. [id., at 149]

\* \* \* \* \* \*

"Under our construction of the agreement the employees acquired no seniority rights under the 1958 agreement as employees at the Tennessee plant." [id., at 150]

Plaintiffs have endeavored to distinguish the foregoing decision from this case, and have urged that the Court follow the decision in Zdanok v. Glidden Co., 288 F.2d 99 (CA 2, 1961).

The basis of distinction set forth in plaintiffs' brief is that Oddie v. Ross Gear, supra, dealt only with contract rights during the life of the agreement, whereas plaintiffs' claim that in the case under consideration the question is raised as to the survival of seniority rights after the expiration of the agreement.

The Court recognizes that after the expiration of the collective bargaining agreement the employees have no greater seniority rights than they had during the term of the agreement and therefore this claim on the part of plaintiffs affords no legal distinction.

For the purpose of this opinion (without passing on the question of survival of seniority rights) the Court has made the assumption that whatever seniority rights accrued to plaintiffs under the agreement survived its expiration. Therefore, the legal question posed in this case is essentially the same as that before the Court of Appeals in Oddie v. Ross Gear, supra.

With regard to the decision in Zdanok v. Glidden Co., supra, the Court of Appeals for this circuit observed:

"\* \* \* there was no specific geographical limitation such as is contained in the agreement in the present case. In that respect the agreement in the Glidden Company case is materially different from the agreement in the present case, and in our opinion is not applicable on this phase of the case." 305 F.2d 143, 149.

The Court is of the opinion that the preamble to the collective bargaining agreement entered into between the Universal and the Union on August 23, 1959 has the same limiting effect as the clause considered by the Court of Appeals in Oddie v. Ross Gear & Tool Co., supra. The preamble in this case makes the contract applicable to the particular plant in Bedford, Ohio, and any existing operation which is moved within a sixty-mile radius. The agreement therefore, on its face, provides for a change in plant site and provides for a limitation of employees' rights to within a sixty-mile radius. It is clearly not a mere description of the present location of the Universal plant. It is the Court's conclusion that under the agreement plaintiffs acquired no seniority rights at any plant of defendant beyond the sixty-mile radius limitation.

Taking judicial notice of the fact that Georgetown, Kentucky, is more than sixty miles from Bedford, Ohio, it necessarily follows that plaintiffs had no transferable seniority rights under the collective bargaining agreement to the Universal plant at Georgetown, Kentucky. Defendant, therefore, is entitled to judgment on the pleadings.

Having decided that plaintiffs, by virtue of the decision of the Sixth Circuit Court of Appeals in the case of Oddie v. Ross Gear & Tool Co., supra, acquired no seniority rights transferable to the Georgetown, Kentucky plant, the Court does not deem it necessary to pass on the issue of the effect and validity of the Termination Agreement entered into between defendant and the Union collec-

tive bargaining representative of its employees, including the plaintiffs.

Accordingly, defendant's motion for judgment on the pleadings granted. Plaintiffs' motion for summary judgment (judgment on pleadings) denied.