Virtle **WIMBERLY** et al., Plaintiffs-
Appellants,

v.

**CLARK CONTROLLER COMPANY,** and
A. O. Smith Corporation, Defendants-
Appellees.

No. 16539.

United States Court of Appeals
Sixth Circuit.

Aug. 3, 1966.

Donald J. Guittar, Cleveland, Ohio (Lawrence Landskroner, Cleveland, Ohio, on the brief), for appellants.

James I. Poole, Milwaukee, Wis. (Herbert P. Wiedemann, Milwaukee, Wis., Joseph A. Rotolo, Cleveland, Ohio, on the brief); Foley, Sammond & Lardner, Milwaukee, Wis., Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, James N. Johnson, Milwaukee, Wis., of counsel, for appellees.

Before EDWARDS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This action was instituted by Plaintiffs-Appellants, hereinafter referred to as Plaintiffs, against Defendants-Appellees, hereinafter referred to as Defendants, under the provisions of Section 301 et seq. of the National Labor-Management Relations Act of 1947, as amended, 29 U.S.C. Section 185 et seq., 61 Stat. 156. The action sought legal and equitable relief, including damages, due to wrongful subcontracting, and also for wrongful plant shut down and removal of part of Defendant's Cleveland operations to Lancaster, South Carolina. Plaintiffs appeal to this Court from the granting of a motion to dismiss by the District Court.

The pertinent facts are as follows: Defendant Clark Controller Company, operated two manufacturing plants in Cleveland, Ohio. Local 19, Mechanics Educational Society of America, has represented the hourly-rated factory employees of the Cleveland plants since 1945. Clark and the Union executed a collective bargaining agreement, effective from October 1, 1961 through September 30, 1964. In February, 1964, Clark notified its employees and the Union that economic reasons forced Clark to move in July the Woodland Avenue plant and certain operations at the 152nd Street plant to Lancaster, South Carolina. As a result of this transfer, some 128 employees, including Plaintiffs, have been laid off from both plants. In 1963, Defendant, A. O. Smith Corporation acquired the controlling stock interest in Clark. Smith did not employ the Plaintiffs, nor was Smith a party to any contract between Clark and the Union. Clark remained a separate corporation.

In September, 1964, Plaintiffs filed two grievances protesting their lay-offs, and one grievance protesting the subcontracting out of work.

In October, 1964, Plaintiffs, as individuals, brought this action against the Defendants. Plaintiffs allege that Defendants violated the collective bargaining agreement by closing the Woodland Avenue plant, and removing part of its Cleveland operations to Lancaster, South Carolina. Plaintiffs also allege that the Defendants violated the collective bargaining agreement by subcontracting out work.

On November 16, 1964, Defendants filed a motion to dismiss the action with affidavits and exhibits attached thereto. On December 24, 1964, Plaintiffs filed a motion to strike the affidavits and exhibits of the Defendants. On the same day, Plaintiffs filed a brief in opposition to the Defendants' motion to dismiss. No opposing affidavits were filed by the Plaintiffs. The District Court entered an order granting the motion to dismiss. No ruling was made by the Court on Plaintiffs' motion to strike.

Plaintiffs allege as error the omission of the District Court to specifically rule on Plaintiffs' motion to strike affidavits and exhibits attached to Defendants' motion to dismiss. Plaintiffs rely on Greenwood v. Greenwood, 234 F.2d 276 (C.A.3, 1956).

■ While it is certainly the better practice to specifically rule on all pending motions, the determination of a motion need not always be expressed but may be implied by an entry of an order inconsistent with granting the relief sought. Mosier v. Federal Reserve Bank, 132 F.2d 710 (C.A.2, 1942); Agostino v. Ellamar Packing Co., Inc., 191 F.2d 576, 13 Alaska 34 (C.A.9, 1951); 35A C.J.S., Federal Civil Procedure § 374, Determination or Disposition of Motions. A contrary result was reached in Greenwood v. Greenwood, supra. These cases involve the time for perfecting an appeal. In that context, it may well be that ambiguity resulting from a failure to specifically rule on pending motions may leave in doubt the time from which an appeal may be perfected. This question need not be resolved here for no prejudice was shown to result from the Court's failure to overrule the Plaintiffs' motion to strike the affidavits attached to the Defendants' motion to dismiss.

■ The affidavits were filed with the motion to dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure.[1] Approximately one month later the Plaintiffs filed a brief in opposition to the Defendants' motion to dismiss. At the same time Plaintiffs filed a motion to strike the affidavits and exhibits of the Defendants. The Plaintiffs, pursuant to Rule 12(b) had a reasonable opportunity to file opposing affidavits. One month after the motion to dismiss, accompanied by affidavits, was filed, Plaintiffs filed an opposition brief, but did not file counter affidavits.

■ The motion to strike the affidavits was filed pursuant to Rule 12 (f), Federal Rules of Civil Procedure. This rule specifically relates to matters to be stricken from pleadings but does not make provision for testing the legal sufficiency of affidavits by a motion to strike. At best, the motion to strike raised an issue as to the admissibility of the evidence offered in the affidavit, and the competency of the affiant to testify to the matters stated therein. These issues are present in every instance where affidavits are filed pursuant to Rule 56. The Court has discretion to disregard those facts which would not be admissible in evidence, and to rely on those facts which are competent evidence.

The only fact in the affidavits relied upon by the District Court was the fact that the Defendant and the Union entered into an agreement, the provisions of which "constitute the full terms and conditions" as to employees displaced by the Woodland Avenue plant relocation. This was certainly relevant and competent evidence.

However, the fact that the Defendant and the Plaintiffs' bargaining representative entered into an agreement with respect to seniority, lay-offs, severance

---

1. Rule 12(b), Federal Rules of Civil Procedure, provides, in part: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

pay, pensions, and vacations for employees who would be displaced by the plant relocation was not the basis for the District Court's decision in granting the motion to dismiss. From the facts alleged in the complaint, the District Court held as a matter of law that the complaint did not state a cause of action.

■ Absent an express contractual provision, there is no prohibition against the Defendant moving its operations to South Carolina. Fraser v. Magic Chef-Food Giant Markets, Inc., 324 F.2d 853 (C.A.6, 1963). The agreement between Clark and the Union, dated October 1, 1961, provides in part, in Article I and Article II:

> "It is agreed that this contract applied to the Industrial Control plants of The Clark Controller Company located in Cleveland or Solon, Ohio, and specifically excludes from the definition of the bargaining unit the employes of any subsidiary company or separately located division of The Clark Controller Company or any division that might be created by converting an acquired company or part of a company into a company division." (Article I)

> "The Company recognizes the Union as the sole collective bargaining representative for all its hourly rated factory employees in its Cleveland, Ohio plants, * * *." (Article II)

■ The above language quoted from the agreement entered into between Clark and the Union has the same limiting effect as the provisions contained in Oddie v. Ross Gear and Tool Company, Inc., 305 F.2d 143 (C.A.6, 1962); and Slenczka v. The Hoover Ball and Bearing Co., 215 F.Supp. 761 (N.D., Ohio, 1963). The agreement does not give rights to employees of Clark, wherever Clark might be located. As a matter of law, the complaint did not state a cause of action for the lay-offs resulting from the transfer of the Woodland Avenue plant to South Carolina.

■ There is another reason why the complaint must be dismissed. In the complaint, Plaintiffs allege they filed grievances pursuant to Article VII of the collective bargaining agreement. However, Article VII provides in the first step of adjusting a grievance that the employee or employees involved shall first discuss the matter with the employee's foreman. At step three a written grievance shall be submitted by two members of the Shop Committee. There is no allegation in the complaint that the Plaintiffs made any attempt to have the disputes negotiated by the Union. The Union was not named as a party Defendant, nor was there an allegation that the Union acted fraudulently or in bad faith, or conspired with the Defendants to wrongfully discharge the Plaintiffs. Further Albert Blum, Director of Industrial Relations of Defendant Clark Controller Company, in his affidavit, states that at no time during the period here in issue did any employee or the Union present a grievance concerning the transfer of operations or contracting out of work.

Based upon Republic Steel Corporation v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed2d 580 (1965); Union News Co. v. Hildreth, 295 F.2d 658 (C.A.6, 1961); Black-Clawson Company, Inc., Paper Machine Division v. International Association of Machinists, 313 F.2d 179 (C.A.2, 1962), and Broniman v. The Great Atlantic and Pacific Tea Company, 353 F.2d 559 (C.A.6, 1965), cert. denied April 18, 1966, the judgment of the District Court must be affirmed.

EDWARDS, Circuit Judge (concurring).

I agree with the court that the undisputed facts before the District Judge (considering only those which were not subject to the objection stated in appellants' motion to strike) were sufficient grounds for the District Court's summary judgment dismissing plaintiffs' action.

It affirmatively appears that prior to filing of this complaint, the company and union negotiated a supplemental agreement covering removal of jobs and closing of one of defendants' Cleveland

plants and benefits for employees laid off thereby.

Plaintiffs do not join the union as a defendant in this suit nor make any allegation of bad faith or collusion concerning its negotiation of said supplemental agreement.

I concur in affirming.