**In re Rick L. HOLSINGER, Sr., Shirley A. Holsinger, Debtors.**

**Lynne Kaylor, Plaintiff,**

v.

**Rick L. Holsinger, Sr., et al., Defendant(s).**

**Bankruptcy No. 08–51467.**
**Adversary No. 08–02149.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 30, 2010.

---

William Todd Drown, Folland & Drown, LPA, Mount Vernon, OH, for Debtors.

## ORDER FOR DEFENDANTS' JOINT SECOND MOTION TO STRIKE AFFIDAVIT OF HERBERT YODER (DOC. # 55), AFFIDAVIT OF WILLIAM MITCHELL (DOC. # 56), AND PORTIONS OF PLAINTIFF'S AFFIDAVIT (DOC. # 54) (DOC. # 63)

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of Defendants' Joint Second Motion to Strike Affidavit of Herbert Yoder (Doc. No. 55), Affidavit of William Mitchell (Doc. No. 56), and Portions of Plaintiff's Affidavit (Doc. No. 54) (Doc. No. 63) (the "Motion") filed by Rick L. Holsinger, Sr., Shirley A. Holsinger, and Colonial City Building, LLC ("Defendants"), the Objection to the Motion to Strike (Doc. No. 65) ("Objection") filed by Lynne Kaylor ("Plaintiff"), and the Reply (Doc. No. 66) filed by Defendants.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This adversary proceeding stems from the Chapter 7 bankruptcy case of Rick L. Holsinger, Sr. and Shirley A. Holsinger. Plaintiff contends that an alleged debt owed to her by Defendants is nondischargeable under 11 U.S.C. § 523(a)(2)(A) due to their use of false pretenses, false representation, or actual fraud during the time Defendants were employed by Plaintiff to renovate her home (the "Residence"). Defendants have filed a motion for summary judgment, to which Plaintiff responded, with supporting affidavits. Defendants now assert that the Affidavits of Herbert Yoder ("Yoder") and William Mitchell ("Mitchell"), must be excluded in their entirety. The Defendants assert four grounds to support the Motion to Strike: 1) the Affidavits are immaterial; 2) the Yoder and Mitchell have a pecuniary interest on the issues discussed in the Affidavits; 3) the statements in the Affidavits are speculation, impermissible opinion, or legal conclusions; and 4) expert testimony is not necessary or appropriate in connection with issues of false pretenses, false representation, or actual fraud.

Additionally, the Defendants argue that portions of the Plaintiff's Affidavit must be stricken and set forth five grounds in support: 1) the Plaintiff's Affidavit directly contradicts her sworn statements given in deposition testimony; 2) the integration clause of the construction contract precludes portions of the Affidavit from being admitted; 3) portions of the Affidavit are redundant; 4) portions of the Affidavit are immaterial; and 5) portions of the Affidavit contain speculation and impermissible legal conclusions.

For the reasons stated below, the Court concludes that only selected passages in the Affidavits of Yoder and Mitchell will be stricken because the Court deems them

inadmissible, while the remaining contents of the Affidavits are admissible. The Court further concludes that certain portions of the Plaintiff's Affidavit are inadmissible and will strike those passages because they are immaterial, speculative, or offer legal conclusions. The Court, therefore, will grant the Motion in part and deny it in part.

## A. Standard for Resolving a Motion to Strike Affidavits

 Affidavits used to support or oppose a motion for summary judgment must meet three requisite elements. See *Fed. R.Civ.P.* 56(e). The affidavit must (1) be made on personal knowledge, (2) set out facts that would be admissible in evidence, and (3) show that the affiant is competent to testify on the matters stated. See *id.* Further, Rule 56(e) establishes that personal knowledge must be the basis for any facts or statements contained in the affidavit and may be inferred from the content of the affidavit, if no express basis for the knowledge is given. However, any statements based only on information communicated to the affiant or on a personal belief of the affiant, even if sincerely held, are not considered personal knowledge. *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F.Supp.2d 948, 956 (S.D.Ohio 2000). Rule 56(e) requires that any statement not made solely on personal observations, experience, or factual knowledge is not admissible in an affidavit. *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 474 (N.D.Ohio 2007). An affidavit that does not meet the three requirements of Rule 56(e) is subject to a motion to strike the affidavit. *Reddy*, 137 F.Supp.2d at 954.

 When moving to strike an affidavit, the movant cannot rely on a broad allegation of inadmissibility. *Lee v. City of Columbus*, 644 F.Supp.2d 1000, 1006 (S.D.Ohio 2009). The motion must specify which statements are inadmissible and set forth specific reasons for their inadmissibility. *Id.* at 1006. The burden is not on the court to review an affidavit to identify the specific statements that should be stricken; this is the responsibility of the defendant. *Reddy*, 137 F.Supp.2d at 958, (quoting *Ernst Seidelman Corp. v. Mollison*, 10 F.R.D. 426, 428 (S.D.Ohio 1950)). A general declaration that an affidavit contains inadmissible statements is insufficient to strike an entire affidavit. *Lee*, 644 F.Supp.2d at 1006.

 In resolving a motion to strike an affidavit, the Court should "use a scalpel, not a butcher knife." *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir.2009) (quoting *Giles*, 241 F.R.D. at 469). The proper procedure is for the Court to strike only the statements or portions of the affidavits that do not satisfy all three requirements of Rule 56(e). *Giles*, 241 F.R.D. at 469. When deciding a motion for summary judgment after resolving a motion to strike, the Court may consider only the admissible portions of the challenged affidavit offered in support of or in opposition to the motion and may disregard only the inadmissible portions. *United States v. Hodges X–Ray, Inc.*, 759 F.2d 557, 561 (6th Cir.1985).

## B. The Yoder and Mitchell Affidavits

### I. The Contents of the Yoder and Mitchell Affidavits are Material

 Defendants' argument that the content of the Yoder and Mitchell Affidavits is immaterial is not well founded. Intent to defraud is a necessary element in the ultimate determination of dischargeability under § 523(a)(2)(A). *Baker v. Wentland (In re Wentland)*, 410 B.R. 585, 594 (Bankr.N.D.Ohio 2009). Inasmuch as direct proof of intent will rarely be available, finding of fraudulent intent may be

made on the basis of circumstantial evidence or from the debtor's course of conduct. *Id.* at 594. A determination of fraudulent intent can be inferred if the totality of the circumstances presents a picture of deceptive conduct by the debtor which indicates an intent to deceive or cheat the creditor. *Buckeye Ret. Co. v. Kakde (In re Kakde)*, 382 B.R. 411, 427 (Bankr.S.D.Ohio 2008). The Yoder and Mitchell Affidavits contain expert observations about workmanship and construction performance, which are material facts because they serve to provide circumstantial evidence of fraudulent intent.

In this case, the Yoder and Mitchell Affidavits are material because they contain observations and expert analysis of the construction techniques and assess the overall construction performance of the Defendant, which is the source of the Plaintiff's alleged injury and damages. The Affidavits add to and clarify specific facts about the Defendant's actions that contribute to the totality of the circumstances of this case. The Affidavits present circumstantial evidence and help illustrate Defendant's course of conduct when completing the renovation to the Residence and support the Plaintiff's overall claim. The Affidavits and the expert opinions are therefore material to this case.

## II. Defendants' Argument that the Yoder and Mitchell Affidavits Contain Improper Speculation, Opinions and Legal Conclusions has Merit

 Defendants' characterize many of the statements in the Yoder and Mitchell Affidavits as speculation, impermissible opinion, or legal conclusions. Defendants pointed to the following specific portions of the Affidavits for the Court to review and determine admissibility. The Court rules on the admissibility of the challenged statements as follows:

- "in an effort to cut material and labor costs[ ]" (Yoder Aff., at ¶ 5.) The Court strikes this portion of the Yoder Affidavit because it constitutes speculation and personal opinion.

- "the contractor who contracted the job had no intention of performing even minimally adequate work[ ]" (Yoder Aff., at ¶ 5.) The Court strikes this portion of the Yoder Affidavit because it constitutes speculation and personal opinion.

- "the stapling was done incorrectly on purpose" (Mitchell Aff., at ¶ 3(a).) The Court strikes the portion of the sentence that reads "on purpose" as speculation and personal opinion. However, the remainder of the sentence is admissible because Yoder has shown through his Affidavit that he personally inspected the Residence.

- "the job was purposely sabotaged[ ]" (Mitchell Aff., at ¶ 7.) The Court strikes this statement because it is improper speculation and opinion testimony.

- "The [roof] shingles would not have been covered by the manufacturer's warranty due to improper installation." (Yoder Aff., at ¶ 3(a).) "[I]t is my opinion that the [roof] shingles would not have been covered by the manufacturer's warranty due to improper installation." (Mitchell Aff., at ¶ 3(a).) Defendants' contend that these statements are speculative and purport to offer legal conclusions. Because there was no indication by Yoder or Mitchell in their affidavits that they had read and analyzed the manufacturer's warranty, the Court strikes these statements for lack of personal knowledge.

- The moisture seeping into the roof "would have caused premature failure of the roof structure due to rotted wood." (Yoder Aff., at ¶ 3(a).) "The improper spacing and stapling was damaging the home and would lead to further damage in future, as the shingles allowed moisture to seep into the roof." (Mitchell Aff., at ¶ 3(a).) Defendants' argue that these statements are speculative. The Court disagrees and finds that because Yoder and Mitchell both exhibit qualities of being experts in the field of roofing and both personally inspected the Residence, these statements are admissible.

- "The [garage] door as constructed was not in accordance with industry standards . . . ." (Yoder Aff., at ¶ 3(b).) Although not specifically stated in the Affidavit, the Court can reasonably infer that Mr. Yoder knows the industry standard given his experience in the construction industry. Therefore, the statement is admissible.

- "The door frames were not sealed or insulated. . . . I believed that the condition of Ms. Kaylor's doors was a purposeful attempt to cost her money in the future. . . ." (Mitchell Aff., at ¶ 3(d).) The statement of Mitchell that "[t]he door frames were not sealed or insulated. . . ." is admissible because Mitchell can support his statement due to his inspection of the Residence. Additionally, Defendants' assert in the Motion that Mitchell's second statement is pure speculation. The Court agrees and strikes the sentence of Mitchell that states, "I believed that the condition of Ms. Kaylor's doors was a purposeful attempt to cost her money in the future. . . ."

- The fascia as constructed "was not in accordance with industry standards and had to be replaced." (Yoder Aff., at ¶ 3(c).) Although not specifically stated in the Affidavit, the Court can reasonably infer that Mr. Yoder knows the industry standard given his experience in the construction industry. Therefore, the statement is admissible.

- "I felt that the condition of the fascia cap was a purposeful attempt to cause future damage that would not be known until after the warranty period expired." (Mitchell Aff., at ¶ 3(b).) The Court strikes this statement as speculation.

- "The gutters were improperly mounted and were not sloped with enough fall to allow water to drain properly." (Yoder Aff., at ¶ 3(d).) The Court will allow this statement and deems it to be admissible because Yoder inspected the Residence and demonstrated expertise in roofing.

- "The gutters were not installed in accordance with industry standards and needed to be replaced." (Mitchell Aff., at ¶ 3(c).) Although not specifically stated in the Affidavit, the Court can reasonably infer that Mr. Yoder knows the industry standard given his experience in the construction industry. Therefore, the statement is admissible.

- "The garage door as constructed was not in accordance with industry standards and should never have been installed." (Yoder Aff., at ¶ 3(b).) Although not specifically stated in the Affidavit, the Court can reasonably infer that Mr. Yoder knows the industry standard given his experience in the construction industry. Therefore, the statement is admissible.

- "Each of the defects identified . . . were caused by seriously defective construction practices." (Yoder Aff., at ¶ 4; Mitchell Aff., at ¶ 4.) This portion of the Affidavits is admissible as proper expert opinion.

## III. Expert Testimony is Proper in Determinations of Fraud

■■■■ Defendants' claim that expert testimony is neither necessary nor appropriate to a determination of fraud, unless there is a secondary issue requiring an expert witness; however, the expert testimony of Yoder and Mitchell is appropriate in this case because it assists the Court in deciding the issues presented. The Sixth Circuit has held that necessity is not a condition precedent for the admissibility of expert opinion testimony; rather, the test for admissibility is whether the opinion will assist the trier of fact to understand the evidence or to determine a fact in issue. *United States v. Brawner*, 173 F.3d 966, 969–70 (6th Cir.1999). This holding stems directly from the text of Federal Rule of Evidence 702, which states:

> [I]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. Rule 702. This current version of Rule 702, as amended in 2000, reflects prior United States Supreme Court decisions entrusting trial court judges with the responsibility to act as "gatekeepers" to exclude any unreliable or unnecessary expert testimony. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir.2008). Expert testimony or opinion is admissible at the discretion of the trial court, if the opinion meets all three requirements of Rule 702. Rule 702 mandates that (1) the witness be qualified by "knowledge, skill, experience, training, or education," (2) the witness' opinion or testimony must "assist the trier of fact," and (3) the testimony must be reliable, which is shown by the satisfaction of the three numbered elements in Rule 702. *Id.* at 528–29. Importantly, the court does not assess the credibility and accuracy of expert opinion when determining the reliability of the expert opinion, but must only ensure that the opinion is made upon a reliable factual foundation and is not unsupported speculation. *Id.* at 529–30. Ultimately, the court has broad discretion in determining the admissibility of expert testimony and "the gatekeeping inquiry must be tied to the particular facts". *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152–53, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

■■■ Once the court finds the expert testimony admissible, the expert may testify in the form of an opinion. The expert opinion can encompass a broad range of assessments and inferences, so long as the opinion given has a reliable basis in the knowledge and experience of the expert with respect to his or her given discipline. *Jahn v. Equine Services PSC*, 233 F.3d 382, 388–94 (6th Cir.2000). Supreme Court holdings and Rule 702 require only that the expert opinion be formed from inferences based on a scientific or technical method, and those inferences must stem from the facts of the case at hand. *Id.* at 390.

■■■ In this case, Yoder and Mitchell are properly considered experts and their opinions are admissible as expert testimony. Yoder has been employed in the construction field for more than twenty years and has owned and operated his own construction company for the past twelve years. Mitchell has nineteen years of experience in the construction field and has owned and operated his own construction

company for six years. Both specialize in the construction and renovation of residential properties. Clearly meeting the first requirement of Rule 702, Yoder and Mitchell are both qualified by their long term experience in this particular field to offer expert opinions on residential construction.

Next, the expert opinions offered in the Affidavits will undoubtedly assist the trier of fact to understand the evidence or determine a fact in issue by providing the Court with expert assessments of Defendants' construction performance. As the issue in this case requires a determination of fraud from the totality of the circumstances and Defendants' course of conduct, the expert opinions of Yoder and Mitchell contribute to the Court's understanding of the factual circumstances surrounding and resulting from Defendants' conduct as it relates to the construction performed for the Plaintiff. The Court is given a clear description of the renovation resulting from Defendants' course of conduct and can therefore better assess Defendants' overall course of conduct than if the Court was not given such a description. This factual aid is sufficient to meet the second requirement of Rule 702.

Conversely, some of the statements made by Yoder and Mitchell in their Affidavits are speculative and unreliable under the principles of Rule 702 and are therefore inadmissible. In their Motion, the Defendants argue that the following are immaterial and prejudicial. The Court's holding regarding the admissibility of the selected statements is stated after each statement:

- "[a]lthough some of the construction work seemed to be defective based on incompetence, much of the work appeared to be poorly performed in an effort to cut material and labor costs." (Yoder Aff., at ¶ 5.) The Court strikes this statement because it is based on speculation.

- "[E]ach of the defects identified in Paragraph 3, above, were caused by seriously defective construction practices." (Mitchell Aff., at ¶ 4.) The Court will not strike this sentence because it is based Affiant's experience and expertise and is permissible expert opinion.

- "for any contractor to have obtained payment for the construction ... or to have represented that such work was worth paying for ... would have committed a fraud against Ms. Kaylor." (Yoder Aff., at ¶ 5; Mitchell Aff., at ¶ 5.) The Court strikes this statement that appears in both the Yoder and Mitchell Affidavits because it is a legal conclusion.

The Court recognizes that the above listed statements by Yoder and Mitchell are unsupported personal theories or speculation as to why the Defendant may have completed the construction in the manner it was performed; accordingly, the Court will strike those unfounded statements. But the Court will not grant the request of Defendants that the Yoder and Mitchell Affidavits be stricken in their entirety. Reiterating the language of *Lee v. City of Columbus,* the Defendants cannot rely on broad allegations of inadmissibility and then expect that they will be able to have both affidavits stricken entirely when only portions of the affidavits have been pointed out as being inadmissible in the Motion. *Lee,* 644 F.Supp.2d at 1006. Furthermore, pursuant to the reasoning of the *Reddy* case, this Court will not review the affidavits of Yoder and Mitchell with a fine-tooth comb and on Defendants' behalf undertake the analysis to identify statements that are inadmissible. *Reddy,* 137 F.Supp.2d at 958. It is the Defendants' responsibility to point out to the Court all of the passages

they believe should be analyzed for admissibility. The Court will only rule on the admissibility of those passages that Defendant specified in the Motion.

Moreover, the majority of the opinions offered by Yoder and Mitchell are based on personal observations of Plaintiff's property, and the Affiants have applied their expertise in the construction industry to render reliable personal observations that satisfy the third requirement of Rule 702. Yoder and Mitchell, as expert witnesses, aid the Court in understanding the technicalities of the Defendants' construction work performed for the Plaintiff. The Affidavits illustrate the construction flaws leading to Plaintiff's complaint and provide the Court with a clearer view of the factual circumstances at issue. Without the expert observations contained in the Affidavits, the Court would be left with only Plaintiff's amateur, non-expert description of her property's construction problems to determine Defendant's course of conduct. As the determination of fraud at issue in this case will be resolved heavily by circumstantial evidence, the Affidavits will assist the Court in its determination; therefore, the expert testimony of Yoder and Mitchell in the Affidavits is proper.

## C. Affidavit of Plaintiff

### I. Portions of Plaintiff's Affidavit Do Not Contradict Earlier Deposition Testimony

■■■ Defendants' contend that portions of Plaintiff's Affidavit directly contradict her sworn statements given in deposition testimony, and allege these portions were included in the Affidavit in an attempt to create an issue of material fact to preclude summary judgment. Plaintiff denies any direct contradiction between the statements made in the Affidavit and statements made in previous deposition testimony. The established Sixth Circuit rule mandates that a party may not attempt to create a genuine issue of material fact after a motion for summary judgment has been filed by submitting an affidavit which contradicts earlier deposition testimony. *Reid v. Sears, Roebuck, and Co.*, 790 F.2d 453, 460 (6th Cir.1986). A court deciding the admissibility of a post-deposition affidavit for summary judgment purposes must determine first whether the affidavit directly contradicts the nonmoving party's previous testimony. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir.2006). If the court finds no direct contradiction between statements, the affidavit should be found admissible unless the court finds the affidavit to be "an attempt to create a sham fact issue." *Id.* at 908. Factors the court should employ to determine the existence of a sham factual issue include: whether the affiant was cross-examined during the earlier testimony, whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain. *Id.* at 908 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986)). Portions of an affidavit that explain or reveal information that was not fully explored during earlier testimony are not directly contradictory to the earlier testimony. *Id.* at 909.

■■■ In this case, Defendants' assert that the statements made by Plaintiff at her deposition concerning the completion date of the roof and the number of workers that would be on the job site directly contradicts her affidavit testimony. Plaintiff states in her Affidavit at paragraph 16, "Defendant Rick Holsinger falsely represented to me that the [c]onstruction [s]ervices would take two months to complete and that there would be four men on the job...." and at paragraph 17, "[b]efore July 27, 2004, *when the project should have been complete....*" Kaylor Aff.

(Doc. No. 54). However, Plaintiff's deposition testimony explains that verbal communication from the Defendant took place before the written contract was signed, concerning an expected completion date and the number of expected workers for the construction project. Kaylor Dep. 27:8–14; 28:1–3, 30:3–11 (December 7, 2009) (Doc. No. 57). Plaintiff admits during the testimony that these details were not included in the written contract. In her Affidavit, Plaintiff repeats the same communication from Defendant and again acknowledges the communication as occurring before the written contract was signed. Kaylor Dep. at 8–9. Plaintiff does not allege the details were contained in the written contract. There is nothing directly contradictory between statements made during Plaintiff's deposition testimony and statements contained in her Affidavit.

Nor is Plaintiff's Affidavit an apparent attempt to create a sham fact to avoid summary judgment. Considering the determinate factors, the Affidavit does not contain any new information discovered after the deposition testimony was given, it merely explains or explores the effect of Defendants' verbal communication on the Plaintiff more fully than the deposition testimony. While Plaintiff's statements in the Affidavit may be inadmissible as legal conclusions, the statements are not an attempt to create a genuine issue of material fact. As the portions of the Affidavit are not directly contradictory to prior deposition statements, and the Affidavit is not an attempt to create a sham factual issue, the portions of Plaintiff's Affidavit challenged are admissible, unless found to be inadmissible for other reasons.

## II. Portions of Plaintiff's Affidavit are Precluded from Admission by the Contract's Integration Clause

■ Defendants assert that portions of the Affidavit containing details of verbal negotiations, made before the construction contract between the parties was signed, are inadmissible because they are precluded by an integration clause contained in the contract. Plaintiff argues the contract's integration clause and the parole evidence rule only limit evidence admissible in a contract claim, and do not bar evidence of negotiations or statements not contained in the contract when the cause of action sounds in fraud.

■ In *Glazer v. Lehman Bros.,* the Sixth Circuit Court of Appeals examined Ohio law concerning the parol evidence rule. The traditional parol evidence rule bars any evidence of "antecedent understandings and negotiations" undertaken before two parties have made a written contract that expressly states it is to be a complete and accurate integration of the contract. *Glazer v. Lehman Bros.,* 394 F.3d 444, 455 (6th Cir.2005). Under Ohio law, with the exception of fraud, mistake, or some other invalidating factor, prior or contemporaneous oral agreements may not be used to alter, contradict, contest, or vary an integrated written agreement. *Id.* at 456. Under the fraud exception, however, Ohio law permits a party to introduce parol or extrinsic evidence for the purpose of proving fraudulent inducement to contract. *Id.; Galmish v. Cicchini,* 90 Ohio St.3d 22, 734 N.E.2d 782, 790 (2000). Additionally, under Ohio law, the parol evidence rule will not exclude evidence of fraud which induced the written contract. *Glazer,* at 456. It naturally follows that fraud encompassed by § 523(a)(2)(A) also will not be excluded, inasmuch as "fraud cannot be merged" into a written contract. *Galmish,* 734 N.E.2d at 789. This is grounded in the laudable ideal that a party should not be empowered to use the parol evidence rule "as a shield to prevent the

proof of fraud." *Id.* Conversely, "a fraudulent inducement case is not made out by alleging that a statement or agreement made prior to the contract is different from that which now appears in the written contract." *Glazer,* at 456–57. Thus, the parol evidence rule does not apply to promissory fraud "if the evidence in question is offered to show a promise which contradicts an integrated writing. Unless the false promise is either independent of or consistent with the written instrument, evidence thereof is inadmissible." *Id.* (citations and internal quotation marks omitted.)

 Furthermore, fraudulent inducement has been defined by both Sixth Circuit and Ohio courts as "a fraudulent misstatement of fact that induces a party to enter a contract, not a fraudulent promise of future performance that is within the scope of the subject matter of the written contract but that was not included in it." *Watkins & Son Pet Supplies v. Iams Co.,* 254 F.3d 607, 613 (6th Cir.2001).

In this case, the construction contract between Plaintiff and the Defendants contains an integration clause and should be considered a fully integrated contract. Plaintiff contends that Defendants made various verbal assurances of warranties on the construction performance and verbal estimates of the construction completion date and the number of workers to be provided during negotiations before the written contract was signed. Plaintiff attempts to use evidence of such verbal commitments to prove fraudulent inducement to contract. However, these oral representations are not evidence of a fraudulent misstatement of fact, but are clearly promises of future performance within the subject matter of the written construction contract. As such, the oral representations do not constitute a fraudulent inducement. Therefore, Plaintiff is barred from using evidence of these prior oral representations contained in paragraph twelve of her Affidavit. Thus, the Court strikes paragraph twelve of Plaintiff's Affidavit.[1]

### III. Portions of Plaintiff's Affidavit are Not Redundant

 Next, Defendants assert that portions of Plaintiff's Affidavit are redundant, as being simply repetitive assertions of the allegations contained in Plaintiff's Second Amended Complaint (Doc. No. 29). Plaintiff insists such portions are not redundant, as unsworn allegations in a Complaint may not be relied on to contradict an opposing party's affidavit, but once these same allegations are sworn to and incorporated into an affidavit, they become evidence for consideration during a summary judgment decision. In making this argument, Defendants' rely on *Fed. R.Civ.P.* 12(f), which states "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, the Sixth Circuit has held *Fed.R.Civ.P.* 12(f) "specifically relates to matters to be stricken from pleadings but does not make provision for testing the legal sufficiency of affidavits by a motion to strike." *Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir.1966). This holding has been interpreted to mean Rule 12(f) applies only to pleadings and does not apply to and cannot be relied on for motions to strike an affidavit. *Dawson v. City of Kent,* 682 F.Supp. 920, 922 (N.D.Ohio 1988), *aff'd,* 865 F.2d 257 (6th Cir.1988). Still, a later Sixth Circuit decision has relaxed the application of Rule 12(f) to allow motions to strike made under Rule 12(f) to operate as

1. Paragraph 12 is the only paragraph of Plaintiff's Affidavit to which Defendants' specifically objected on the basis of the integration clause of the construction contract.

simply raising an issue as to the affidavits admissibility under Rule 56(e). *Sutton v. U.S. Small Bus. Admin.,* 92 Fed.Appx. 112, 118 (6th Cir.2003) (quoting *Wimberly,* 364 F.2d at 227). A motion to strike an affidavit made under Rule 12(f) will then only require the Court to evaluate the challenged affidavit in terms of the requirements for admissibility under Rule 56(e). *Sutton,* 92 Fed.Appx. at 118.

In this case, Defendants' allege that portions of Plaintiff's Affidavit are redundant to allegations of the Complaint, and should be stricken because of their redundancy. Plaintiff does not have to offer a reason why the Affidavit is not redundant, as redundancy is not an applicable reason to strike an affidavit under Fed.R.Civ.P. 56. As long as Plaintiff's Affidavit meets all requirements of *Fed.R.Civ.P.* 56(e), the affidavit is admissible. Therefore, the Court will not strike paragraphs 2–3, 13, 15–20, 21–29, and 31–56 for being redundant.

## IV. Portions of Plaintiff's Affidavit are Immaterial

Defendant's fourth ground in support of this Motion to Strike categorizes paragraphs 9 and 11 of the Plaintiff's Affidavit as immaterial to the issue in this case. Plaintiff characterizes these portions as statements evidencing circumstantial evidence of fraudulent intent that are admissible. Intent to defraud, a necessary element in the ultimate finding of debt except from discharge due to false pretense, false representation, or actual fraud, must be determined by the totality of the circumstances of the case at hand. *Wentland,* 410 B.R. at 594. A finding of fraudulent intent may be made on the basis of circumstantial evidence or from the debtor's "course of conduct," as direct proof of intent will rarely be available. *Id.* at 594. A determination of fraudulent intent can be inferred if the totality of the circumstances

presents a picture of deceptive conduct by the debtor which indicates an intent to deceive or cheat the creditor. *Kakde,* 382 B.R. at 427.

In paragraph 9, Plaintiff attempts to use evidence of the Defendants' personal spending habits as circumstantial evidence of the Defendants' course of conduct, adding to the totality of the circumstances the Court may look at in making a determination of fraudulent intent. While Defendants' personal spending habits may be relevant to the Defendants' course of conduct in this particular situation concerning the Plaintiff, there must be illustrated some connection with the fraud alleged by Plaintiff. Paragraph 9 discusses Rick Holsinger's racing hobby, and the 1967 Ford Mustang he owned and showed Plaintiff during the renovations at the Residence. Plaintiff explains that the Mustang did not contain any insignia of Colonial City Building or that it was used for business purposes. However, nothing in the Affidavit ties these facts to the alleged fraud of which Plaintiff complains. These personal spending habits are outside of the totality of the circumstances of this case and do not add to "a picture of deceptive conduct" by the Defendants. Therefore, paragraph 9 of Plaintiff's Affidavit that contains these details is immaterial and the Court strikes paragraph 9.

Defendants complain that Paragraph 11 is speculation and immaterial on the basis that it avers that "Defendant received money for two homes they built...." Paragraph 11 does indeed discuss that Defendants received funds from two homes that they built. It does not specify which Defendants received the funds. However, earlier in the Affidavit, Plaintiff explains that she reviewed extensive financial records of the Defendants provided to her by the Defendants. Therefore, the state-

ments contained in paragraph 11 are not speculation. Defendants further complain that paragraph 11 is speculation and immaterial in that it avers that Defendants did not use the funds from the homes they built for Plaintiff's project. While paragraph 11 discusses that company funds were used for various specific purposes, it does not state that the proceeds of the homes were not used for Plaintiff's project, or discuss use of the proceeds of the homes at all. Therefore, the Defendants' assertion is non sequitur and not a basis to strike the paragraph. Because the Defendants' complaints about paragraph 11 are without merit, the Court will not strike paragraph 11.

### V. Portions of Plaintiff's Affidavit are Speculative or Contain Legal Conclusions

■ Finally, Defendants' contend portions of Plaintiff's Affidavit contain speculation or impermissible legal conclusions. As to those statements labeled speculation by Defendants, Plaintiff defends such statements by claiming they are the personal observations of Plaintiff and are therefore not speculation. Plaintiff also defends the portions characterized as impermissible legal conclusions, asserting that interpretations and conclusions regarding circumstantial evidence are not legal conclusions. Federal Rule of Evidence 701 governs the opinion testimony of a lay witness not testifying as an expert:

> [I]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

*United States v. White*, 492 F.3d 380, 400 (6th Cir.2007). Lay testimony must include and result from a process of reasoning familiar in everyday life. *Id.* at 400.

■ In this case, there are portions of Plaintiff's Affidavit that do contain speculation or impermissible legal conclusions. Certain statements in Plaintiff's Affidavit are opinions or inferences that are unsupported by personal knowledge or observation of the Plaintiff and cannot be rationally based on any perception of the Plaintiff. Other statements that are characterized as the Plaintiff's own inferences and conclusions regarding circumstantial evidence are in fact legal conclusions. These portions go impermissibly beyond attempting to offer a clear understanding of the witness' testimony or assist with the determination of a fact in issue, and instead attempt to determine the legal issues of this case. As such, the following portions of the Plaintiff's Affidavit which constitute speculation not rationally based on the perception of the Plaintiff or legal conclusions not helpful to a clear understanding or factual determination are stricken:

- "I believe that they [Defendants] used the sham of a corporation to prevent me from holding them liable for any future problems." Kaylor Aff., at ¶ 2.

- "She [Defendant Shirley A. Holsinger] knew or should have known that I was relying on Mr. Holsinger's statements as to the time when the job would be completed, and the quality of work that they would perform on my home. . . . I am sure she saw that it purported to be executed by Colonial City Building." Kaylor Aff., at ¶ 3.

- "[T]he delay in finishing the Construction Serves was due to Defendants' activities focused on building their own projects, rather than purchasing mate-

rials and labor for my Residence." Kaylor Aff., at ¶ 17.

- "During Phase I, Defendant Rick Holsinger began the practice of assuring start dates for portions of the project that were falsehoods made solely to placate my increasing impatience." Kaylor Aff., at ¶ 20.
- "I do not believe that such shoddy workmanship was mere negligence, but instead was part of a pattern and practice of substandard work designed to default me." Kaylor Aff., at ¶ 22.
- "I believe that the consistently shoddy performance of the contract is evidence that the warranties made before execution of the contract were false." Kaylor Aff., at ¶ 14.
- "I do not believe that such shoddy workmanship was mere negligence, but instead was part of a pattern and practice of substandard work designed to default me." Kaylor Aff., at ¶ 22.

 Defendant also asserted the following statements were inadmissible as legal conclusions:

- "Defendant Rick Holsinger falsely assured me that he would work all day, everyday until the project was completed unless an insurance job came up, which he assured me would only last three to five days." Kaylor Aff., at ¶ 15.
- "I relied upon Defendants' false, misleading and deceptive acts and practices to my detriment when I executed the contract with Colonial City, and when I made the first down payment to Defendants on May 3, 2004." Kaylor Aff., at ¶ 18.

The Court disagrees that these statements are legal conclusions. They are factual and while they embrace the ultimate issue, Federal Rule of Evidence 704 provides that testimony is not inadmissible just because it embraces the ultimate issue before the court.

## D. Conclusion

The Defendants' Motion to Strike is successful only in striking portions of the challenged Affidavits. Under Fed.R.Civ.P. 56(e), the majority of the Affidavits are admissible. Many of the statements made by Yoder, Mitchell, and the Plaintiff were made with personal knowledge, set out facts that are admissible in evidence, and showed that the affiants were competent to testify on the matters at issue either as experts or lay witnesses.

Defendants' challenge that certain statements in the Affidavits do not meet the first requirement of Fed.R.Civ.P. 56(e) because they are not based on personal knowledge, and the argument that some statements do not satisfy the reliability requirement of admissibility under Fed. R.Evid. 701 and 702 have merit. However, the inclusion of inadmissible statements in an affidavit is insufficient to strike the entire affidavit. Therefore, the statements found by the Court to be inadmissible are stricken from the affidavits as set forth above.

For the foregoing reasons, Defendants' Joint Second Motion to Strike Affidavit of Herbert Yoder, Affidavit of William Mitchell and Portions of Plaintiff's Affidavit is **GRANTED** in part and **DENIED** in part, as set forth herein.

**IT IS SO ORDERED.**