NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | Nos. 18-15848 18-16637 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-02366-JCM-GWF |
| v. | |
| CLARENCE MOSES WILLIS; ERNEST C. ALDRIDGE, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| CREATIVE SOLUTIONS 4 U, LLC; et al., | |
| Defendants. | |

Appeals from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 2, 2020**

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ernest C. Aldridge (Appeal No. 18-16637) and Clarence Moses Willis (Appeal No. 18-15848) appeal pro se from the district court's judgment in this action brought by Federal National Mortgage Association ("Fannie Mae") alleging federal and state law claims related to certain real properties in Nevada. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment and subject matter jurisdiction. *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020); *Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 799 (9th Cir. 2009). We review for an abuse of discretion a dismissal as a sanction under Federal Rule of Civil Procedure 37(b). *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1052 (9th Cir. 1998). We affirm.

The district court properly determined that the requirements for diversity jurisdiction were met, as the amount in controversy was over $75,000.00 and all parties were citizens of different states. *See* 28 U.S.C. § 1332(a) (setting forth requirements of diversity jurisdiction); 12 U.S.C. § 1717(a)(2)(B) (Fannie Mae "shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation.").

**Appeal No. 18-16637.**

The district court properly granted summary judgment for Fannie Mae on its declaratory relief, quiet title, and slander of title claims against Aldridge because Aldridge failed to raise a genuine dispute of material fact as to the essential

elements of these claims. *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (elements of quiet title claim under Nevada law); *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (setting forth elements of slander of title claim under Nevada law and explaining that the claim must be submitted to mediation prior to being brought in district court).

The district court did not abuse its discretion by denying Aldridge's motion to compel discovery because Aldridge failed to demonstrate actual and substantial prejudice resulting from the denial of discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

Contrary to Aldridge's contention, Fannie Mae was not required to comply with the registration requirements for foreign corporations under Nevada law. *See Rust v. Johnson*, 597 F.2d 174, 177 (9th Cir. 1979) (explaining that by statute, Fannie Mae is exempt from having to qualify to do business in any state under 12 U.S.C. § 1723a(a)).

The district court did not abuse its discretion by denying Aldridge's motions under Federal Rule of Civil Procedure 60(b)(3) and 60(b)(4) because Aldridge failed to demonstrate any basis for such relief. *See United Student Aid Funds, Inc.*

*v. Espinosa*, 559 U.S. 260, 271-72 (2010) (explaining that Rule 60(b)(4) "applies only in the rare instance" of a certain type of jurisdictional error or violation of due process); *see also* 12 U.S.C. § 1717(a)(2)(B) (deeming Fannie Mae to be a District of Columbia corporation for purposes of jurisdiction and venue in civil actions); *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995) (standard of review for Rule 60(b)(4) denial); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review for Rule 60(b)(3) denial; grounds for relief).

We reject as without merit Aldridge's contentions that the district court erred by entering final judgment while his motion to dismiss for lack of subject matter jurisdiction was still pending, and that the district court erred by failing to conduct hearings. *See Agostino v. Ellamar Packing Co.*, 191 F.2d 576, 577 (9th Cir. 1951) ("The denial of a motion need not be express but may be implied."); D. Nev. R. 78-1 ("All motions may be considered and decided with or without a hearing.").

**Appeal No. 18-15848.**

The district court did not abuse its discretion by striking Willis's answer and entering a default judgment against Willis as a discovery sanction, after he failed to comply with the district court's order to respond to written discovery, and failed to appear at his properly noticed deposition. *See Valley Eng'rs Inc.*, 158 F.3d at 1057

(setting forth factors to be considered before dismissing under Fed. R. Civ. P. 37(b)).

To the extent that Willis challenges the district court's orders denying his motions to dismiss for lack of subject matter jurisdiction, the district court properly denied his motions to dismiss because the requirements for diversity jurisdiction were met.

We reject as without merit Willis's contentions that the district court erred by failing to order Fannie Mae to submit additional written discovery responses or disclosures, and by entering final judgment without expressly ruling on his motion to dismiss filed after the district court clerk's entry of default.

Willis's request to strike all docket references to "FNMA/Fannie Mae" (Docket Entry No. 18) is denied.

We do not consider matters not specifically and distinctly raised and argued in the opening briefs, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**18-15848: AFFIRMED.**

**18-16637: AFFIRMED.**